

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00196-CV

ALEX FARR, LEIGH A. SIMPSON, KYLA GARCIA, GYNETTE RODRIGUEZ, KARAN HANNAH, REBECCA BRITTON, NANCY BEAN, ROSE CRUSDALE, ASHLEY ROBINSON, A.S., NEXT OF FRIEND OF J.S., A MINOR, V.G. NEXT OF FRIEND OF S.G., A MINOR, J.R. NEXT FRIEND OF T.R., A MINOR, K.H., NEXT OF FRIEND OF K.H., A MINOR, DELILA PERRERIRA, IN HER OWN RIGHT AND AS NEXT OF FRIEND OF A.M., A MINOR, T.D., NEXT OF FRIEND OF C.D., A MINOR., AND JASMINE CROCKETT

APPELLANTS

V.

ARLINGTON INDEPENDENT SCHOOL DISTRICT, ARLINGTON INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES, JAMIE SULLINS, AND MARCELO CAVAZOS

APPELLEES

----------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 236-291133-17

# MEMORANDUM OPINION[1]

This is an interlocutory appeal from the trial court's order granting a motion to dismiss and plea to the jurisdiction based on governmental immunity. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2017). The appellants are sixteen individuals (the "Individual Appellants") and their attorney, Jasmine Crockett. The appellees are Arlington Independent School District (AISD); the AISD Board of Trustees (Board); AISD Board of Trustees president Jamie Sullins in her official capacity (Board President); and AISD Superintendent Macrelo Cavazos in his official capacity (Superintendent).

The individual appellants sued the appellees and others, alleging tort causes of action and also seeking equitable relief. The appellees filed a motion to dismiss and plea to the jurisdiction based on governmental immunity. The trial court granted both motions and assessed $14,500 in attorney's fees as sanctions against Crockett. The individual appellants and Crockett brought this interlocutory appeal from that order. Finding no reversible error, we affirm.

## I. BACKGROUND

The individual appellants filed a lawsuit alleging that on or about September 22, 2016, unnamed occupants at the Nichols Junior High School, a school within the AISD, reported to school officials that they were "being overcome with

---

[1]*See* Tex. R. App. P. 47.4.

dizziness, nausea, light-headedness, numbness, high sensitivity to motion[,] and tingling sensations as a result of exposure to poor air quality" at the school. The individual appellants claimed that they were all either students, employees, contractors, or parent volunteers who were regularly exposed to the poor air quality at the school both before and after the September 22 report and that over the next few months following the report, they suffered from "serious and pervasive illnesses and symptoms" that were caused by their exposure.

The individual appellants named as defendants the appellees; EFI Global Engineering; Estes McClure and Associates, Inc.; Armstrong Forensic Laboratory, Inc.; and Tarrant County Public Health. The individual appellants asserted causes of action for negligence, gross negligence, negligent misrepresentation, and fraud, seeking monetary relief of over $1 million. They also sought a temporary restraining order requiring the appellees to close the school and relocate its students and staff "until the cause for their continued illness is correctly identified and fully remedied," as well as a temporary injunction.

On March 27, the appellees filed a motion to dismiss and a plea to the jurisdiction, both of which argued for dismissal on several grounds. They also asserted counterclaims for attorney's fees and costs. On April 28, the individual appellants amended their petition, omitting the Board, the Board President, and the Superintendent as defendants and indicating that they were seeking only nonmonetary relief against AISD. Three days later, the trial court held a hearing on appellees' motion to dismiss and plea to the jurisdiction, during which Crockett

3

stated on the record that the individual appellants were no longer maintaining their causes of action against the Board President or the Superintendent.

After the hearing, the trial court found the individual appellants' suit against the appellees was frivolous, unreasonable, and without foundation; granted the appellees' motion to dismiss and plea to the jurisdiction; dismissed the suit as to the appellees with prejudice; and ordered that Crockett and Stacy Lee Merritt, an individual who had unsuccessfully attempted to be admitted pro hac vice, pay appellees $14,500 for their attorney's fees. The individual appellants and Crockett have brought this interlocutory appeal from the trial court's order.[2] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).

## II. THE TRIAL COURT PROPERLY GRANTED THE APPELLEES' JURISDICTIONAL PLEAS

In the first issue, the individual appellants contend the trial court erred by granting the motion to dismiss and plea to the jurisdiction based upon governmental immunity because they sought injunctive relief against AISD and governmental immunity does not bar prospective injunctive relief against government actors who violate statutory or constitutional provisions.

---

[2]In addition to indicating that the individual appellants intended to appeal the trial court's order, the notice of appeal stated that "non-parties Attorney Jasmine Crockett and Lee Merritt, Pro Se" intended to appeal as well. We previously dismissed Merritt's appeal for want of prosecution. *See Farr v. Arlington ISD*, No 02-17-00196, 2017 WL 3821875, at *1 (Tex. App.—Fort Worth Aug. 31, 2017, no pet.) (mem. op.).

## A. STANDARD OF REVIEW

Governmental immunity generally applies to cases in which a party has sued a government entity or its employees in their official capacity. *See Franka v. Velasquez*, 332 S.W.3d 367, 382–83 (Tex. 2011) (noting that except for *ultra vires* acts, "an employee sued in his official capacity has the same governmental immunity, derivatively, as his government employer"); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004) (noting sovereign immunity applies in suits against the state or certain governmental units). Governmental immunity implicates the trial court's subject-matter jurisdiction. *See Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 747 n.1, 750–51 (Tex. 2017). Whether a trial court has jurisdiction is a question of law subject to de novo review. *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011).

The appellees' motion to dismiss and plea to the jurisdiction challenged the individual appellants' pleadings.[3] We therefore determine whether the individual appellants have alleged facts that affirmatively demonstrate the trial court's jurisdiction. *See Miranda*, 133 S.W.3d at 226. In making that determination, we construe the pleadings liberally in the individual appellants' favor, looking to their intent. *See id.* If the pleadings do not contain sufficient facts to affirmatively

---

[3]The appellees did not attach any evidence to their motion to dismiss or plea to the jurisdiction, the individual appellants filed no response to those pleadings, and neither party introduced evidence related to the jurisdictional pleas during the trial court's hearing.

5

demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the individual appellants should be afforded the opportunity to amend. *See id.* at 226–27. However, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the individual appellants an opportunity to amend. *Id.*

### B. ANALYSIS

The individual appellants did not allege any waiver of governmental immunity in their original or amended petition, and they do not rely on any such waiver in their brief. *See Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003) ("In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity."). Rather, over the course of this case, their sole contention has become that governmental immunity does not bar their claims for injunctive relief. As their only authority for that proposition, they cite the supreme court's decision in *City of El Paso v. Heinrich*. *See* 284 S.W.3d 366 (Tex. 2009). But that case is inapplicable here.

*Heinrich* involved the *ultra vires* exception to governmental immunity. *See id.* at 369–70. An *ultra vires* suit is one that is brought against a government officer for acting outside his authority. *See Houston Belt & Terminal Ry. v. City of Houston*, 487 S.W.3d 154, 161 (Tex. 2016). That exception is inapplicable here for at least two reasons. First, the individual appellants' amended petition, which

6

was their live pleading at the time of the hearing, does not allege that any government officials acted outside of their authority. *See id.* And second, the individual appellants omitted the Board President and the Superintendent from their amended petition; thus, this suit does not involve any claims against any individual state actors in their official capacities. *See Patel v. Tex. Dep't of Licensing and Regulation*, 469 S.W.3d 69, 76 (Tex. 2015) (noting *ultra vires* suits must be brought against individual state actors in their official capacities; they cannot be brought against a governmental unit, which remains immune from suit); *see also FKM P'ship, Ltd. v. Bd. of Regents of the Univ. of Houston Sys.*, 255 S.W.3d 619, 632 (Tex. 2008) ("In civil causes generally, filing an amended petition that does not include a cause of action effectively nonsuits or voluntarily dismisses the omitted claims as of the time the pleading is filed."); *Deadmon v. Dallas Area Rapid Transit*, 347 S.W.3d 442, 444–45 (Tex. App.—Dallas 2011, no pet.) (stating that "the omission of claims against a party in a petition operates as a voluntary dismissal of the party from the lawsuit").[4]

---

[4]But the individual appellants' amended petition did not serve to nonsuit the appellees' pending counterclaims for attorney's fees and costs. *See* Tex. R. Civ. P. 162 (providing that a plaintiff's nonsuit "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief" and that a nonsuit "shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of" the nonsuit); *see also Lona Hills Ranch, LLC v. Creative Oil & Gas Operating, LLC*, No. 03-17-00743-CV, 2018 WL 1868054, at *2 (Tex. App.—Austin Apr. 19, 2018, no pet. h.) (noting that defendant's counterclaims and request for attorney's fees remained pending after plaintiff's amended petition dropped defendant from the suit).

Since this suit does not involve any *ultra vires* claims, *Heinrich* is inapplicable. Accordingly, because the individual appellants have not shown any waiver of AISD's immunity from suit or that governmental immunity is inapplicable to their claims, the trial court properly granted the motion to dismiss and plea to the jurisdiction. We overrule the individual appellants' issue.

## III. THE TRIAL COURT'S ATTORNEY-FEE AWARD

In four issues, Crockett contends that the trial court abused its discretion by awarding the appellees $14,500 in attorney's fees and by ordering her to pay those fees. In pertinent part, the trial court's order provides as follows:

> The Court finds that this suit is frivolous, unreasonable, and without foundation. As such, Defendant AISD is entitled to attorney's fees under Texas Education Code section 11.161 and/or Texas Civil Practices and Remedies Code section 105.002. Additionally, [the Board President] and [the Superintendent] were immune from this suit and are entitled to reasonable attorney's fees and costs. The[] Court therefore ORDERS that [AISD, the Board, the Board President, and the Superintendent], be awarded reasonable attorney's fees against Plaintiffs' Attorneys, Jasmine Crockett and S. Lee Merritt, jointly and severally, under Texas Education Code sections 11.161 and 22.0517, in the amount of:
>
> $14,500          Attorney's Fees[.]

### A. PRESERVATION

The appellees contend that Crockett failed to preserve the bulk of her arguments concerning the trial court's fee award. Indeed, the record shows that Crockett did not complain to the trial court concerning the propriety of the award of attorney's fees. Therefore, she failed to preserve any complaints concerning that award except for complaints about the legal or factual insufficiency of the evidence,

8

which may be raised for the first time on appeal in a civil nonjury case. *See* Tex. R. App. P. 33.1(a)(1), (d); *see also Petrohawk Props., L.P. v. Jones*, 455 S.W.3d 753, 783 (Tex. App.—Texarkana 2015, pet. dism'd) (holding that complaint that attorney-fee award was not authorized by statute was subject to rules of preservation); *Nolte v. Flournoy*, 348 S.W.3d 262, 273 (Tex. App.—Texarkana 2011, pet. denied) (holding that appellant failed to preserve complaint that trial court abused its discretion by failing to explain the basis of its award of sanctions); *Sherman v. Triton Energy Corp.*, 124 S.W.3d 272, 278–79 (Tex. App.—Dallas 2004, pet. denied) (holding that appellants failed to preserve complaint that final judgment contradicted the trial court's oral pronouncement on motion for sanctions). We therefore overrule all of Crockett's issues concerning the trial court's award of attorney's fees except for her fourth issue, in which she challenges the legal sufficiency of the evidence supporting the amount of the trial court's fee award.

## B. SUFFICIENCY OF THE EVIDENCE

In her fourth issue, Crockett contends that the amount of fees the trial court awarded is not supported by legally sufficient evidence. She argues, for the first time on appeal, that the appellees did not establish what a reasonable and necessary attorney's fee would be under the lodestar method because the appellees did not introduce documentary support for their fees or provide adequate testimony detailing the work they performed. In making this argument, Crockett does not assert that the lodestar method of proving attorney's fees was required,

9

and it does not appear that the appellees chose to prove up attorney's fees using this method.[5] *See Long v. Griffin*, 442 S.W.3d 253, 253, 255 (Tex. 2014) (referring to party "choosing" the lodestar method of proving attorney's fees); *Lawry v. Pecan Plantation Owner's Ass'n*, No. 02-15-00079-CV, 2016 WL 4395777 at *9 (Tex. App.—Fort Worth Aug. 18, 2016, no pet.) (mem. op.). More importantly, where, as here, the trial court awards attorney's fees as sanctions, the strictures of the lodestar method, as well as other evidentiary requirements applicable to statutorily earned attorney's fees, are not required, and the trial court may award any reasonable amount within its broad discretion. *See Bennett v. Reynolds*, No. 03-12-00568-CV, 2014 WL 4179452, at *15 (Tex. App.—Austin Aug. 22, 2014, pet. denied) (mem. op.) (noting lodestar requirements inapplicable "to the assessment of sanctions based on attorney's fees" under chapter 10 of the civil practice and remedies code); *Scott Bader, Inc. v. Sandstone Prods., Inc.*, 248 S.W.3d 802, 817 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (noting that "[w]hen attorney's fees are assessed as sanctions, no proof of necessity or reasonableness is required" (citation omitted)); *see also Rubalcaba v. Raymondville ISD*, No. 13-14-00224-CV, 2016 WL 1274486, at *6 (Tex. App.—Corpus Christi Mar. 31, 2016, no pet.) (mem. op.) (characterizing attorney's fees awarded under education code section 11.161 as sanctions); *Thielemann v. Blinn Bd. of Trs.*, No. 01-14-00595-CV, 2015 WL

---

[5]For instance, although the appellees' counsel testified regarding the hourly rates of the attorneys who worked on the case, he did not testify regarding the number of hours the attorneys worked on the case.

10

1247018, at *2 (Tex. App.—Houston [1st Dist.] Mar. 17, 2015, no pet.) (mem. op.) (same).

The record supports a conclusion that the trial court awarded the fees at issue here as sanctions. Appellees filed a counterclaim for their statutory attorney's fees, arguing that they were entitled to the award because appellants' suit was "frivolous, unreasonable, and without foundation." *See* Tex. Civ. Prac. & Rem. Code Ann. § 105.002 (West 2011); Tex. Educ. Code Ann. §§ 11.161, 22.0517 (West 2012). And the Board President and Superintendent argued in the motion to dismiss that they were entitled to statutory attorney's fees because "any diligent attorney should have researched and known [the appellees] were immune from these causes of action and not brought this nuisance suit." Similarly, AISD and the Board asserted in the dismissal motion that statutory attorney's fees were appropriate based on the frivolous nature of appellants' suit.

Courts considering attorney's fees awarded under education code section 11.161 have analogized those awards to an award of fees as sanctions under both chapter 10 of the civil practice and remedies code and rule 13 of the rules of civil procedure. *See, e.g.*, *Roach v. Ingram*, No. 14-16-00790-CV, 2018 WL 2672546, at *17–18 (Tex. App.—Houston [14th Dist.] June 5, 2018, no pet. h.); *Ollie v. Plano ISD*, 383 S.W.3d 783, 793 (Tex. App.—Dallas 2012, pet. denied). Moreover, as a statutory prerequisite to awarding the fees, the trial court was required to, and did, find that the Board President and Superintendent were absolutely immune from the individual appellants' suit and that their suit was frivolous, unreasonable, and

11

without foundation. *See* Tex. Educ. Code Ann. §§ 11.161, 22.0517. Thus, under the facts of this case, the awarded attorney's fees based on these specific statutory requirements were in the nature of a sanction. *See Davison v. Plano ISD*, No. 05-12-01308-CV, 2014 WL 1018212, at *8 (Tex. App.—Dallas Feb. 20, 2014, no pet.) (mem. op.); *Loeffler v. Lytle ISD,* 211 S.W.3d 331, 349–50 (Tex. App.—San Antonio 2006). This conclusion is buttressed by the fact that the trial court found the individual appellants' attorneys, not the individual appellants, jointly and severally liable for the award. *Cf.* Tex. Civ. Prac. & Rem. Code Ann. § 10.004 (West 2017) (authorizing the trial court to assess sanctions against an attorney who signs a pleading or motion in violation of civil practice and remedies code section 10.001); *Bennett*, 2014 WL 4179452, at *15 (considering sanctions awarded under civil practice and remedies code section 10.004, which the trial court had in part assessed against parties and their attorney and had ordered them jointly and severally liable).

Because the awarded attorney's fees were in the nature of a sanction, we review the award of attorney's fees using the same abuse-of-discretion standard we apply to sanctions generally, reviewing the record for some evidence that supports the trial court's decision. *See Bennett*, 2014 WL 4179452, at *15. Under this standard, legal sufficiency is not an independent ground of error; rather, it is a relevant factor in assessing whether the trial court abused its discretion. *See MacDonald Devin, P.C. v. Rice*, No. 05-14-00938-CV, 2015 WL 6468188, at *5 (Tex. App.—Dallas Oct. 27, 2015, no pet.) (mem. op.).

The appellees' counsel, Dennis Eichelbaum, testified concerning their attorney's fees. He testified that as of the date of the hearing, the appellees had incurred reasonable attorney's fees in the amount of $19,359.50 to defend the lawsuit. He also testified that amount included their efforts related to defending against the lawsuit itself as well as in defending against Merritt's multiple motions to be admitted pro hac vice. Eichelbaum further testified that he had been practicing law for thirty years and was familiar with hourly rates for attorneys in the area who practiced governmental law, that his hourly rate was $245.00, and that his co-counsel's hourly rate was $165. Eichelbaum stated that both rates had been reduced for this case from $300 and $245 per hour, respectively, and that they were both reasonable. He testified that the time spent on this case was reasonable and necessary to defend the lawsuit. He stated that the time spent on the case involved legal research related to multiple attempts by Merritt to file documents pro hac vice, researching who the individual appellants who had sued them were, researching their individual claims, and being thorough in drafting their jurisdictional pleas and accompanying trial brief.

This testimony provided some evidence supporting the trial court's award of $14,500 in attorney's fees to the appellees; thus we cannot say that the amount of sanctions the trial court awarded was an abuse of discretion. *See Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014) ("[W]e will not hold that a trial court abused its discretion in levying sanctions if some evidence supports its

13

decision."); *Bennett*, 2014 WL 4179452, at *15. Accordingly, we overrule Crockett's fourth issue.

## IV. CONCLUSION

Having overruled all issues, we affirm the trial court's order. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: SUDDERTH, C.J.; GABRIEL and KERR, JJ.

SUDDERTH, C.J., concurs without opinion

DELIVERED: July 19, 2018

14