**Clifton DEADMON, Appellant,**

**v.**

**DALLAS AREA RAPID TRANSIT,
Appellee.**

No. 05–09–01415–CV.

Court of Appeals of Texas,
Dallas.

Aug. 11, 2011.

Noemi A. Collie, Noemi A. Collie, P.C., Dallas, TX, for Appellant.

Higinio (Gene) Gamez, Assistant General Counsel, Dallas Area Rapid Trans., Dallas, TX, for Appellee.

Before Justices MOSELEY, BRIDGES, and O'NEILL.

## OPINION

Opinion By Justice MOSELEY.

Clifton Deadmon appeals the trial court's order granting Dallas Area Rapid Transit's plea to the jurisdiction and motion to dismiss the case with prejudice. In a single issue, he contends the trial court erred by granting DART's plea to the jurisdiction because DART waived its governmental immunity by asserting section 101.106 of the Texas Civil Practice and Remedies Code as a ground for dismissing one of its employees. DART responds that appellant's notice of appeal was not timely, or in the alternative, section 101.106 is not a clear and unambiguous waiver of immunity from suit. We affirm.

### Factual and Procedural Background

Appellant, a delivery truck driver, was making a delivery in downtown Dallas. He parked his truck in a designated DART bus lane. Two DART officers, Waylon Chamberlain and Brian McBride, noticed appellant's truck was blocking a bus stop and passengers were having difficulty boarding a bus. The officers approached appellant and issued citations for no insurance and for parking in the bus lane. According to Chamberlain, appellant was very upset, loud, and using profanity. The officers eventually arrested appellant for disorderly conduct and use of profanity. During the incident, one of the officers called appellant's employer claiming appellant was being uncooperative and "causing a scene." Appellant was later terminated from his employment. Ultimately, the parking and "no insurance" citations were dismissed. Appellant pleaded no contest to the disorderly conduct and profanity charges and was placed on deferred adjudication. Those charges were dismissed after he completed his community supervision period.

Appellant then sued Chamberlain and McBride for false arrest and imprisonment and tortuous interference with an existing contract. McBride was never served. Chamberlain was served and filed an an-

swer. Thereafter Chamberlain, represented by DART's legal department, filed a motion to dismiss pursuant to section 101.106(f) of the civil practices and remedies code. In the motion, Chamberlain claimed his conduct was within the scope of his employment as a DART officer, and therefore his employer, DART, should be named as the sole defendant.

Appellant then amended his petition to allege claims for false arrest and imprisonment and tortuous interference with a contract against DART, omitting any claims against Chamberlain or McBride. After the trial court granted certain special exceptions to his amended petition, he filed a second amended petition, again alleging claims only against DART and asserting the trial court had jurisdiction over DART because its governmental immunity had been waived by its conduct in asserting section 101.106 as a grounds for dismissing Chamberlain, or alternatively, because of the "sue and be sued" language in section 451.054(c) of the Texas Transportation Code.

DART filed a motion to dismiss, claiming the trial court lacked subject matter jurisdiction over it because neither section 101.106 of the civil practices and remedies code or section 451.054(c) of the transportation code is a clear and unambiguous waiver of immunity. DART also claimed that appellant had failed to establish a waiver of immunity because there is no waiver of immunity for discretionary or intentional conduct by police officers, and that appellant was collaterally estopped from bringing his claims for false arrest, false imprisonment and tortious interference because he pleaded no contest to the criminal offense of disorderly conduct and use of profanity. The trial court granted DART's plea to the jurisdiction and motion to dismiss without stating its grounds for doing so. This appeal—filed thirty days later—followed.

### Appellate Jurisdiction

■ We begin with the threshold issue of our appellate jurisdiction. According to DART, we must dismiss this appeal because the complained-of order is interlocutory and therefore, appellant's notice of appeal should have been filed within twenty days after the order was signed. In making this argument, DART fails to address the effect of appellant's amended petitions even though the law setting out the effect of amended petitions is clear.

■ An amended petition supplants any earlier petition. Therefore, the omission of claims against a party in a petition operates as a voluntary dismissal of the party from the lawsuit. *See* Tex.R. Civ. P. 65; *Woodruff v. Wright*, 51 S.W.3d 727, 730 (Tex.App.-Texarkana 2001, pet. denied). Parties to a suit are dismissed as effectively by omitting their names from an amended pleading as by entry of a formal order of dismissal. *Ludwig v. Enserch Corp.*, 845 S.W.2d 338, 339 (Tex. App.-Houston [1st Dist.] 1992, no writ).

Here appellant amended his petition, adding DART as the sole defendant and dropping both Chamberlain and McBride as defendants. In his second amended petition, he again named DART as the sole defendant. Thus, DART was the sole defendant before the trial court at the time it signed the order granting the plea to the jurisdiction and dismissing appellant's claims against DART.

■ A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Because the trial court's dismissal order disposed of all parties and claims, it was a final, not an interlocutory judgment.

Therefore, contrary to DART's argument, appellant's notice of appeal was timely filed. *See* TEX.R.APP. P. 26.1.

### Plea to the Jurisdiction

 We now turn to appellant's contention that the trial court erred by granting DART's plea to the jurisdiction. When, as here, a trial court sustains a plea to the jurisdiction without specifying its grounds for doing so, an appellant must challenge each independent ground asserted in the plea. *Fox v. Wardy*, 224 S.W.3d 300, 304 (Tex.App.-El Paso 2005, pet. denied); *Britton v. Texas Dept. of Criminal Justice*, 95 S.W.3d 676, 682 (Tex.App.-Houston [1st Dist.] 2002, no pet.); *Garcia v. Pharr, San Juan, Alamo Indep. Sch. Dist.*, 513 S.W.2d 636, 641–42 (Tex.Civ. App.-Corpus Christi 1974, writ ref'd n.r.e.). If he fails to do so, we must affirm. *Fox*, 224 S.W.3d at 304; *Britton*, 95 S.W.3d at 682.

On appeal, appellant claims only that DART's governmental immunity had been waived by its conduct in asserting section 101.106 as a ground for dismissing Chamberlain.[1]

However, in support of its motion DART also asserted, among other reasons, that it was immune from suit because there is no waiver of immunity for intentional conduct by police officers. Appellant does not challenge this assertion on appeal.

Failure to establish a waiver of immunity for intentional conduct by police officers may be a ground upon which to sustain a governmental entity's plea to the jurisdiction because the Texas Tort Claims Act specifically excludes waiver of immunity for a harm "arising out of assault, battery, false imprisonment, or any other intention-

al tort." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.057(2) (West 2011).

Because appellant has not challenged all of the grounds alleged in the plea to the jurisdiction which could, if meritorious, support the order granting the plea, we overrule appellant's sole issue.

We affirm the trial court's order granting DART's plea to the jurisdiction and motion to dismiss the case with prejudice.

---

1. We note it is the Legislature's sole province to waive or abrogate sovereign immunity and there is no waiver-by-conduct exception to sovereign immunity. *Texas Natural Resource Conservation Com'n v. IT–Davy*, 74 S.W.3d 849, 857 (Tex.2002).