**Affirmed and Opinion Filed March 1, 2021**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00190-CV**

**CHRIS CARTER AND KAREN PIERONI, Appellants**
**V.**
**DALLAS CITY PLAN COMMISSION AND CITY OF DALLAS, Appellees**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-07054**

## MEMORANDUM OPINION
Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Carlyle

Appellants, two Dallas-area residents, sued the City of Dallas and the Dallas City Plan Commission (collectively, the City), challenging the City's decision to remove a Confederate monument from Dallas's Pioneer Cemetery Park. The trial court granted the City's plea to the jurisdiction and dismissed appellants' claims with prejudice. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## Background

In 2017, the City convened a task force to consider what actions, if any, should be taken regarding City-owned symbols of the Confederacy, including the

monument in this case. The meetings and decision-making that followed are detailed in two opinions in related proceedings decided while this appeal was pending, *In re Carter*, No. 05-20-00279-CV, 2020 WL 7693178 (Tex. App.—Dallas Dec. 28, 2020, orig. proceeding) (mem. op.), and *Return Lee to Lee Park v. Rawlings*, No. 05-19-00456-CV, 2020 WL 7693112 (Tex. App.—Dallas Dec. 28, 2020, no pet. h.) (mem. op.). Those facts are well-known to the parties and we do not repeat them here.

Appellants filed this lawsuit on May 20, 2019. At that time, the monument in question was scheduled for removal but was still in place. Appellants' petition alleged the City "failed to perform duties regarding an application to demolish a historical monument in Pioneer Cemetery, allowing an incomplete application to be processed improperly and provided insufficient notice." Appellants asserted causes of action for violation of the Dallas City Code, Texas Open Meetings Act, Texas Antiquities Code, and Texas Monument Protection Act. Their requested relief included (1) "dismissal of the improper application," (2) a permanent injunction against "any effort to demolish the Monument," and (3) declarations regarding the Texas Antiquities Code's applicability and "that the current application and challenged Certificate of Demolition was issued without legal or statutory authority."

The City filed a June 5, 2019 plea to the jurisdiction and a June 6, 2019 supplement to the plea, asserting three grounds for lack of jurisdiction: (1) appellants lack standing as to all of their claims, (2) the claims are barred by governmental

immunity, which has not been waived, and (3) "only a political question is presented" and "[t]he political question doctrine/separation of powers deprives the court of jurisdiction."

After a hearing on the plea to the jurisdiction, the trial court signed a January 17, 2020 interlocutory judgment dismissing with prejudice all of appellants' claims except those regarding the Texas Antiquities Code. The trial court gave appellants until the end of that month to replead those remaining claims, but appellants instead moved for dismissal of those claims without prejudice. The trial court signed a March 3, 2020 final judgment[1] in which it granted the City's plea to the jurisdiction as to the Texas Antiquities Code claims and stated:

> IT IS FURTHER ORDERED that based on this order and the Court's order dated January 17, 2020, that all of Plaintiffs' claims and causes of action have been dismissed with prejudice. After considering the pleadings, the plea, the supplement, the evidence on file, and the argument of counsel, the Court finds Defendants' plea to the jurisdiction well-taken and is granted in its entirety.

**Analysis**

Appellants assert two issues: (1) "[t]he trial court erred in dismissing Plaintiffs['] claims because they have statutory and taxpayer standing to bring

---

[1] Pending submission of this timely-filed appeal of that judgment, appellants filed a separate, related original proceeding in this Court for "Immediate Petition for Writ of Injunction," asking this Court "to prevent the City of Dallas and the Mayor and City Councilmen, from acting to disassemble, remove, demolish, or alter the Monument." *See In re Carter*, 2020 WL 7693178, at *1. This Court's opinion in that case noted that in June 2020, the City disassembled the monument and placed it in archival storage, where it currently remains. *Id.* at *2. This Court granted the requested writ of injunction "to the extent that we require [the City] to maintain the storage of the Monument and prohibit them from acting to dispose of or harm the Monument" pending this appeal's final disposition. *Id.* at *1.

–3–

claims" and (2) "[g]overnmental immunity does not protect the Defendants from Plaintiffs' claims."

A portion of appellants' standing argument pertaining to the Texas Antiquities Code is based on contentions this Court recently rejected in *Rawlings*. *See Rawlings*, 2020 WL 7693112, at *6. Specifically, we concluded the same monument involved here does not fall under that code's protections because it has not been "designated as a state archeological landmark by the Texas Historical Commission." *Id*. That conclusion in *Rawlings* is dispositive as to appellants' lack of statutory standing to sue for alleged Texas Antiquities Code violations in this case. *See id*.

Moreover, all of appellants' claims are subject to disposition based on the narrower question of whether appellants have properly challenged the trial court's judgment. No judgment may be reversed on appeal unless the error complained of probably caused rendition of an improper judgment. TEX. R. APP. P. 44.1(a)(1). "When, as here, a trial court sustains a plea to the jurisdiction without specifying its grounds for doing so, an appellant must challenge each independent ground asserted in the plea." *Deadmon v. Dallas Area Rapid Transit*, 347 S.W.3d 442, 445 (Tex. App.—Dallas 2011, no pet.). "If he fails to do so, we must affirm." *Id*.; *accord Rawlings*, 2020 WL 7693112, at *4; *Fitzsimmons v. Killeen Indep. Sch. Dist*., No. 03-19-00535-CV, 2020 WL 4726697, at *2 (Tex. App.—Austin Aug. 14, 2020, pet. denied) (mem. op.). Though appellate courts have authority to request additional briefing in a case where an "unbriefed issue" was "fairly included" in or

–4–

"inextricably entwined" with a briefed issue, "courts of appeals retain their authority to deem an unbriefed point waived in lieu of requesting additional briefing." *St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 215–16 (Tex. 2020) (per curiam) (citing *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (decision to permit amendment or deem point waived "depends on the facts of the case")); *see* TEX. R. APP. P. 38.9.

Here, the City argues appellants "failed to address all grounds on which the plea to jurisdiction was granted and the Court should affirm." According to the City, (1) in the plea to the jurisdiction, "the City Defendants asserted the trial court lacked jurisdiction because of the political question doctrine"; (2) "[t]his is a stand-alone ground for dismissal independent of standing and governmental immunity"; (3) "[i]n their response to the City Defendants' plea, Appellants did not reference or address the ground"; (4) the trial court "granted the City Defendants' plea to the jurisdiction 'in its entirety'"; and (5) appellants' brief on appeal "does not reference or address the [political question doctrine] ground."

In the "Summary of the Argument" section of appellants' reply brief in this Court, they state they "will show that they successfully demonstrated that they had both statutory and taxpayer standing and that a waiver of governmental immunity exists in this case." In a single paragraph at the end of their reply brief, appellants blithely respond to the City's independent-unchallenged-ground argument as follows:

The fact that Appellant does not specifically reference the "political question" component of City Defendants' plea to the jurisdiction does not mean that Appellant has failed to properly challenge the trial court's judgment. As political question is a possible component of plea to the jurisdiction, and not the issue itself, the fact that Appellant explicitly addresses City Defendants' plea to the jurisdiction throughout its brief is sufficient to constitute the necessary challenge.[2]

As described above, the City asserted three grounds in its plea to the jurisdiction: standing, governmental immunity, and the political question doctrine. Appellants cite no authority, and we have found none, suggesting the political question doctrine is a component of or necessarily entwined with either of the other two grounds. *See Am. K-9 Detection Servs., LLC v. Freeman*, 556 S.W.3d 246, 253 (Tex. 2018) (explaining political question doctrine "is primarily a function of the separation of powers" and excludes from judicial review controversies that "revolve around policy choices and value determinations" constitutionally committed for resolution to non-judicial government branches). The trial court's final judgment stated the plea to the jurisdiction "is granted in its entirety."[3]

---

[2] Appellants repeat the substance of this argument in their February 23, 2021 response to the City's supplemental appellate brief.

[3] To the extent the trial court's findings in its final judgment could be construed to conflict with those in its January 17, 2020 interlocutory order, the final judgment controls. *See Ho v. Univ. of Tex. at Arlington*, 984 S.W.2d 672, 680 (Tex. App.—Amarillo 1998, pet. denied) ("[W]hen the terms of a final judgment conflict with those of an interlocutory order, the terms of the final judgment control."); *Duffey v. Duffey*, No. 14-16-00144-CV, 2017 WL 6045569, at *3 (Tex. App.—Houston [14th Dist.] Dec. 7, 2017, pet. denied) (mem. op.) (same); *see also Loy v. Harter*, 128 S.W.3d 397, 409 (Tex. App.—Texarkana 2004, pet. denied) ("By entering a final judgment with findings that differ from those made in an earlier interlocutory summary judgment, the trial court did away with the inconsistent findings in the earlier judgment.").

Appellants' trial court arguments addressed only two of the plea's three grounds—standing and governmental immunity. Their appellate issues specifically challenge only those same two grounds. Appellants do not explain, and the record does not show, how the political question doctrine is "fairly included" in or "inextricably entwined" with any of their arguments—in the trial court or on appeal—regarding either of their two issues. *See id*.; *cf. Flakes*, 595 S.W.3d at 214–15 (explaining that where substance of party's trial court and appellate arguments on two grounds "significantly overlapped" and "one cannot be mentioned without automatically directing attention to the other," unbriefed ground did not constitute "standalone basis" on which dismissal could have based and such ground was "fairly included" in briefed ground on appeal). Because appellants have not challenged each independent, standalone ground on which the dismissal of their claims could properly have been based, we will affirm. *See Deadmon*, 347 S.W.3d at 445; *Rawlings*, 2020 WL 7693112, at *4 & n.3, *10–11.

We affirm the trial court's judgment.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

200190F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRIS CARTER AND KAREN
PIERONI, Appellants

No. 05-20-00190-CV     V.

DALLAS CITY PLAN
COMMISSION AND CITY OF
DALLAS, Appellees

On Appeal from the 14th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-07054.
Opinion delivered by Justice Carlyle.
Justices Myers and Osborne
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees DALLAS CITY PLAN COMMISSION AND CITY OF DALLAS recover their costs of this appeal from appellants CHRIS CARTER AND KAREN PIERONI.

Judgment entered this 1st day of March, 2021.