**Affirmed in part and Vacated in part and Opinion Filed September 29, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00747-CV

**CANADIAN REAL ESTATE HOLDINGS, LP, Appellant**
**V.**
**KAREN F. NEWTON REVOCABLE TRUST, SATHU SUBBIAH, JANET ANDERS, TIM ANDERS, RAUL PEREZ, JR., JERRY BROWN, TREY MONSON, COLEEN MONSON, JILL RUSE-PETERSON, TERRY A. PETERSON, BILL TROTTER, KRIS TROTTER, ROBERT CARTER, JOAN PYNE, CHARLIE PYNE, ROBERT SOLTYSIK, LINDA SOLTYSIK, GARY PIERCE, MELINDA PIERCE, DAVID COX, JENNIFER COX, MIKE SHEPHERD, STEPHANIE SHEPHERD, HARVEY GRAHAM, SANDRA GRAHAM, BEAU DAVIS, TISHA DAVIS, MARIA MERCER, JON MERCER, MIKE BELL, JAMES EVANS, MARILEE EVANS, WILLIAM JONES, PAULA JONES, JERRY LONG, SHERRI LONG, JOAN ROSE, TED ROSE, JOE W. CHESNEY, KAREN CHESNEY, JOE K. CHESNEY, DEBBIE CHESNEY, GREGG JERNIGAN, GRETCHEN JERNIGAN, KENT VANMETER, CAROL VANMETER, JAMES SCHWARTZ and SARAH SCHWARTZ, Appellees**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-02588-2019**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Pedersen, III

Canadian Real Estate Holdings, LP (Canadian REH) appeals the trial court's

Final Judgment, which awarded attorney's fees in the amount of $45,529.13, plus

conditional appellant fees, to the above-listed appellees. In three issues, Canadian REH contends that (1) the trial court's judgment is void for lack of subject matter jurisdiction, (2) no evidence supports the award of attorney's fees, and (3) the trial court's fee award is inequitable and unjust. We vacate the court's award of conditional appellate fees, but in all other respects we affirm the trial court's judgment.

## BACKGROUND[1]

Canadian REH purchased property in the Walnut Grove Estates neighborhood in McKinney, Texas, intending to construct an assisted living facility for patients suffering from Alzheimer's disease. Canadian REH applied to Collin County for the permits necessary to begin construction.

Walnut Groves Estates is composed of two subdivisions (Walnut Grove 1 and Walnut Grove 2), both of which are governed by restrictive covenants. Canadian REH's property is located in Walnut Grove 1. Appellees are residents of the two subdivisions. They sued Canadian REH for injunctive and declaratory relief—seeking attorney's fees under the Uniform Declaratory Judgment Act (UDJA)—based upon the restrictive covenants governing Walnut Grove 1, which required lots to be used only for single family residences that were at least 1200 square feet in size. According to the restrictions, "No commercial nor industrial operations will be

---

[1] We accept as true the facts stated by Canadian REH. Appellees did not file a brief in this case to contradict those facts. *See* TEX. R. APP. P. 38.1(g).

permitted." Appellees obtained a temporary restraining order, prohibiting Canadian REH "from constructing on its [purchased lot] any assisted living facility or any improvements other than a single family residence of a size not less than 1,200 square feet."

Canadian REH filed a motion to dismiss appellees' suit based on the Texas Citizens Participation Act (the TCPA), contending that the suit was an effort to prevent Canadian REH's rights of free speech, petition, and association. Appellees responded to the TCPA motion, but before that motion or appellees' application for temporary injunction could be heard, Canadian REH removed the case to federal court. Canadian REH filed another TCPA motion to dismiss after the removal. However, appellees successfully moved to have the case remanded to state court,[2] and the TCPA motion was not addressed in federal court.

Canadian REH relates that—while the case was still pending in federal court—Collin County refused the permits it needed for its building plan, and Canadian REH decided not to go through with that plan and to sell the property. It filed Defendant's Notice of Mooted Issues, which informed the court "that certain issues in this Case are now moot," and continued, "Defendant no longer has any intention of developing the Property at issue, much less operating living facilities on the Property in the way Plaintiffs are trying to stop. . . Therefore, the relief sought

---

[2] The Magistrate Judge agreed that the case did not meet requirements for federal-question removal, but she denied appellees' request for attorney's fees.

by Plaintiffs is moot." Canadian REH asked the court to dismiss the case for lack of jurisdiction rather than remand it to state court. Nevertheless, the case was remanded. A footnote in the Magistrate Judge's Memorandum Opinion and Order stated, "The Court notes that Plaintiffs' claims will likely be moot upon remand because the property at issue is being sold."

On remand, Canadian re-urged its earlier-filed TCPA motion to dismiss. After setting it for hearing and receiving appellees' response, Canadian REH cancelled the hearing. And on the same day, it filed its Plea to the Jurisdiction (the Plea), seeking dismissal of the case for want of subject matter jurisdiction. Canadian REH urged three grounds for its Plea:  mootness, lack of standing, and lack of ripeness. Following a hearing, the trial court signed an order ruling:

> Plaintiffs' claim for declaratory relief is dismissed as moot;
>
> Plaintiffs' claim for injunctive relief is dismissed as moot; and
>
> Plaintiffs' request for attorney's fees arising under the Texas Uniform Declaratory Judgments Act remain.

The parties agreed to have the issue of attorney's fees decided by submission. Appellees submitted the Affidavit of Robert J. Garrey, which attached billing records from the attorneys who had represented appellees during the litigation and, subsequently, their Additional Submission on Request for Attorneys' Fees, which attached the Supplemental Declaration of Robert J. Garrey. Canadian REH filed its Brief on Plaintiffs' Failure to Prove Attorney's Fees and Brief on the Equities.

–4–

The trial court's judgment awarded appellees attorney's fees in the amount of $45,529.13 for services performed in the trial court. The court also awarded conditional appellate fees of $14,000.00 if Canadian REH were unsuccessful on appeal and an additional $7,000 if Canadian REH filed a petition for review in the Supreme Court of Texas and were not successful in that court.

This appeal followed.

## VALIDITY OF THE JUDGMENT BASED ON MOOTNESS

In its first issue, Canadian REH argues the trial court's judgment awarding fees to HCB is void. It contends that the trial court erred as a matter of law by (1) refusing to dismiss appellees' request for attorney's fees for lack of ripeness or standing, and (2) thereafter awarding attorney's fees to appellees under the UDJA. It asks us to vacate the court's judgment and dismiss this appeal.

As we summarized above, Canadian REH filed its Plea after the case was remanded from federal court. That was the first time Canadian REH brought the issue of subject matter jurisdiction before the trial court for a ruling, and it based its request for dismissal on three grounds: mootness, lack of standing, and lack of ripeness. Canadian REH presented and briefed those three grounds—in that order— and ultimately prayed generally "that this Court dismiss the cause of action for want of subject matter jurisdiction." The trial court granted the Plea, dismissing appellees' declaratory and injunctive claims based on mootness.

Canadian REH does not contend that those claims are *not* moot; after all, it filed its Notice of Mooted Issues in the federal court, seeking dismissal on that basis. But it complains that the trial court did not *also* rule that the case was not ripe or lacked standing.[3] Those issues were not presented individually to the trial court for ruling before the Plea, and the Plea proposed multiple grounds for ruling. We will not assign error when the trial court ruled on a ground that was presented in the Plea and was supported by the record before it.

Nor will we address Canadian REH's substantive arguments concerning standing and ripeness. In this regard, we have analogized treatment of a plea to the jurisdiction to our treatment of the grounds raised in summary judgment motions. For example, if a trial court grants a plea to the jurisdiction without specifying its grounds for doing so, then—as is the case in summary-judgment practice—an appellant must challenge each independent ground asserted in the plea; if it fails to challenge each ground, we may affirm. *Deadmon v. Dallas Area Rapid Transit*, 347 S.W.3d 442, 445 (Tex. App.—Dallas 2011, no pet.); *Return Lee to Lee Park v. Rawlings*, No. 05-19-00456-CV, 2020 WL 7693112, at *4 (Tex. App.—Dallas Dec. 28, 2020, pet. denied) (mem. op.). Conversely, when the trial court rules on specific grounds for summary judgment, we must consider those grounds initially for final

---

[3] Implicit in that complaint is Canadian REH's understanding that the trial court would not, or could not, have granted appellees their attorney's fees if it had dismissed the case on either of those grounds. We do not address that understanding.

disposition of the appeal. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996).[4] Likewise, we consider whether the specific ground ruled on by the trial court in a plea to the jurisdiction—here, mootness—suffices for final disposition of the appeal. It is undisputed at this point in the litigation that appellees' claims for declaratory and injunctive relief are moot. Canadian REH has judicially admitted as much, and appellee has not challenged the trial court's judgment. Thus, the specific ground on which the trial court ruled suffices for final disposition of the case, and we will not consider grounds on which the trial court did not rule. *See id.*

Canadian REH does not directly attack the ability of the trial court to award attorney's fees after finding appellees' claims to be moot. To avoid any question on that point, we acknowledge that a claim for attorney's fees under the UDJA can survive, even if the declaratory relief sought has become moot before trial. *See Hansen v. JP Morgan Chase Bank, N.A.*, 346 S.W.3d 769, 774 (Tex. App.—Dallas 2011, no pet.).

We conclude the trial court appropriately ruled that it lacked subject matter jurisdiction on the ground of mootness. It did not err by deciding the Plea on that ground rather than another, and it had the authority to award fees pursuant to the UDJA. Its judgment is not void. We overrule Canadian REH's first issue.

---

[4] Although we may consider other grounds that the movant preserved for review and the trial court did not rule on, we would do so only in the interest of judicial economy. *See Cates*, 927 S.W.2d at 626. "Our system of appellate review, as well as judicial economy, is better served when appellate courts only consider those summary judgment issues contemplated and ruled on by the trial court." *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381–82 (Tex. 1993).

## VALIDITY OF THE ATTORNEY'S FEES AWARD

The UDJA provides the trial court may award costs and reasonable and necessary attorney's fees as are equitable and just. TEX. CIV. PRAC. & REM. CODE ANN. § 37.009. The reasonable and necessary requirements are questions of fact to be determined by the factfinder; the equitable and just requirements are questions of law for the trial court to decide. *Ridge Oil Co., Inc. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 161 (Tex. 2004). "Unreasonable fees cannot be awarded, even if the court believed them just, but the court may conclude that it is not equitable or just to award even reasonable and necessary fees." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). Canadian REH challenges both aspects of the award in this appeal. We review the award for an abuse of discretion. *See id.*

### Reasonable and Necessary Attorney's Fees

The trial court's judgment awarded appellees "reasonable and necessary attorneys' fees in the amount of $45,529.13" for work in the trial court. In its second issue, Canadian REH challenges the legal sufficiency of the evidence supporting the award's reasonableness and necessity.

### *The* Rohrmoos *Standard*

The party seeking a fee award must prove the reasonableness and necessity of the requested attorney's fees. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484 (Tex. 2019). "[T]he fact finder's starting point for calculating an attorney's fee award is determining the reasonable hours worked

–8–

multiplied by a reasonable hourly rate, and the fee claimant bears the burden of providing sufficient evidence on both counts." *Id.* at 498. Sufficient evidence of this standard includes evidence of (1) the particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services. *See id.* Our supreme court has adopted this method of lodestar calculation to produce "an objective figure that approximates the fee that the attorney would have received had he or she properly billed a paying client by the hour in a similar case." *Id.* (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010)). "General, conclusory testimony devoid of any real substance will not support a fee award." *Id.* at 501. Contemporaneous billing records are the favored method of proving the reasonableness and necessity of requested fees. *Id.* at 502.

A party seeking an award of its fees, then, must offer sufficient evidence of the two essential factors of an appropriate lodestar calculation: a reasonable rate applied to a reasonable number of hours worked. *Id.* at 501–02.

### *Reasonable Rates*

Canadian REH's arguments under this issue are focused largely on appellees' purported failure "to proffer sufficient evidence of [reasonable] hourly rates." Its brief presents a bullet-point list identifying appellees' "failures" to present "competent and disinterested evidence" of the hourly rates charged for the relevant

type of legal work in this legal market. Canadian REH would require "hard" or "disinterested" evidence of an appropriate fee from sources such as affidavits of other attorneys, the State Bar of Texas Hourly Rate Fact Sheet, and fees awarded in similar cases. However, neither *Rohrmoos* nor our cases following it have required such evidence to prove rates charged were reasonable.

Garrey, lead attorney for appellees through most of the litigation, testified in his affidavit that he has been licensed to practice law in Texas since 1991. Thus, he had approximately thirty years of experience when he represented these appellees. He testified that he generally practices in Collin County, Texas, which has made him familiar with the hourly rates and costs customarily charged in and around that legal market for cases of this type. He stated that his base hourly billing rate is $350 per hour and that appellees had agreed to pay his law firm that rate per hour for his legal services. Appellees had further agreed to pay the firm $200.00 to $300.00 per hour for legal services rendered by Garrey's associate attorneys, and $125.00 per hour for paralegal work. Garrey testified that all of those rates are reasonable for legal professionals working in and around Collin County, Texas. In this regard, Garrey also testified, and the itemized billing statements reflect, that research and certain other tasks were assigned to associate attorneys or paralegal staff so that those tasks could be billed at lower hourly rates.

Finally, Garrey's affidavit cited "the experience and reputation of [appellees'] counsel—which was the primary reason that our firm was brought in to represent

[appellees],” as a specific factor in his opinion of the reasonableness and necessity of his fee request. We conclude Garrey's testimony was sufficiently detailed to establish reasonable hourly rates.[5]

### *Reasonable Hours Worked*

Appellees evidence includes approximately fifty pages of itemized billing records that identify particular services performed, the name of the person performing the service, the date of the service, the time required to perform the service, and the hourly rate charged. *See Rohrmoos*, 578 S.W.3d at 498. The only objection Canadian REH makes concerning appellees' evidence of reasonable hours worked is that the billing records “obscure[e] meaningful review of attorney time through use of heavy redactions, block billing and inadequate descriptions.” We disagree.

Many of the records are, indeed, heavily redacted. This is an issue we have discussed more than once since *Rohrmoos*. *See KBIDC Invs., LLC v. Zuru Toys Inc.*, No. 05-19-00159-CV, 2020 WL 5988014, at *22–23 (Tex. App.—Dallas Oct. 9, 2020, pet. denied) (mem. op.); *In re D.A.C.-R.*, No. 05-21-00033-CV, 2022 WL 2302172, at *9 (Tex. App.—Dallas June 27, 2022) (mem. op.), judgment set aside,

---

[5]  Garrey also testified that appellees paid their original attorney, Grady Thompson—whom Garrey worked with for a time and ultimately replaced as appellees' lead counsel—$375.00 per hour for a total of $7,875.00. Garrey stated that he had reviewed Thompson's bills, that he had personal knowledge of the time entries reflected therein and of the work performed by Thompson on behalf of appellees. (Thompson was responsible for filing suit on behalf of appellees and obtaining the temporary restraining order against Canadian REH.) Garrey opined that Thompson's fees were reasonable and necessary. Canadian REH does not directly challenge this opinion.

–11–

opinion not vacated, No. 05-21-00033-CV, 2022 WL 2737752 (Tex. App.—Dallas July 14, 2022, no pet.) (supp. mem. op.). We have remarked that when attorney invoices are offered as evidence, they are routinely redacted to protect attorney–client and work-product privileges. *See, e.g., KBIDC Invs., LLC*, 2020 WL 5988014, at *22. In this case, the redacted material includes attorney conversations, communications among client and co-counsel, and the subject matter of research. We have concluded that such matters are appropriately redacted, especially when, as here, there is no claim that the material is not privileged. *See id.*; *In re D.A.C.-R.*, 2022 WL 2302172, at *9. We conclude the records offer sufficient description to permit understanding of the services provided.

Canadian REH also complains without specific explanation about counsel's "block billing." Again, we disagree. The billing records are clearly itemized. Where tasks are grouped under one time entry, they frequently are related to a particular service (e.g., finalizing a document, filing it, and e-mailing the client). No billing entry includes more than one day's work for a timekeeper, and many entries that include related tasks charge for fractions of one hour. We conclude the breakdowns of time spent are sufficient to allow for meaningful review.[6]

---

[6] Canadian REH offers no explanation concerning its complaint of "inadequate descriptions." If the phrase refers to any issue beyond redactions and block billing, it is insufficiently briefed and offers nothing for our review.

In addition to providing billing records showing the particular services performed, who performed those services, how much time the person spent performing the services, and when the services were performed, Garrey identified certain charges that he was excluding from appellees' request for their incurred fees.[7] And he testified that the amount appellees ultimately sought was "presumptively reasonable" based on his consideration of the following factors:

> First, the time and labor required by the [attorneys] working on behalf of [appellees] as reflected in [the attached billing records]. Second, the novelty and difficulty of the questions involved. Specifically, [Canadian REH] asserted, in conclusory fashion, a novel theory of discrimination that required [appellees'] attorneys to devote a significant number of hours researching the theory and showing that it did not apply in this case. [Appellees] also were forced to devote a significant amount of time seeking a remand of the case to state court. The federal court found that the removal based upon an alleged affirmative defense was improper only after [appellees] filed a Motion for Remand with supportive briefing. The third and fourth factors that I considered were the skill required to perform the legal services properly and the fee customarily charged in the locality for similar legal services. The [attached billing records] reflect that the rates charged are well within the customary range for attorneys practicing in Collin County, Texas, and those records reflect that where appropriate, research and certain other tasks were assigned to associate attorneys or paralegal staff. The remaining factors take into consideration the experience and reputation of [appellees'] counsel—which was the

---

[7] Garrey excluded the following charges from the request for fees:

1 ). $20,362.50 in attorney's fees incurred responding to Defendant's three (3) Anti-SLAPP Motions to Dismiss and preparing a Motion for Fees under Texas Civil Practice and Remedies Code Section 27.009;

2). $410.00 in attorney's fees assessing the merits of another Walnut Grove resident either joining as a Plaintiff or filing a separate lawsuit against Defendant; and

3). $1,050.00 in attorney's fees for researching additional causes of action and the preparation of a draft Amended Petition that was not filed, nor were the additional causes of action asserted

primary reason that our firm was brought in to represent [appellees]—
and the results obtained for [appellees] to date and the amounts paid by
[appellees].

Taken together, Garrey's testimony and the billing records are sufficient to establish that the trial court's award of $ 45,529.13 for attorney's fees incurred through trial was reasonable and necessary.

### *Conditional Appellate Fees*

The trial court's judgment also awarded appellees conditional appellate attorney's fees, as follows:

> if [Canadian REH] appeals the Court's ruling to the Court of Appeals and is not successful, the additional sum of $14,000.00; and if a petition for review is filed by [Canadian REH] in the Supreme Court of Texas and [Canadian REH] is not successful in said appeal, the additional sum of $7,000.00.

We address this portion of the award separately because, when the trial court made the award, the fees had not yet been incurred. Thus, they were not susceptible to an objective lodestar calculation and had to be projected based on expert opinion testimony. *See Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 355 (Tex. 2020). To recover fees for contingent appellate services, a party must "provide opinion testimony about the services it reasonably believes will be necessary to defend the appeal and a reasonable hourly rate for those services." *Id.*; *see also Ruff v. Ruff*, No. 05-21-00157-CV, 2022 WL 420353, at *11 (Tex. App.—Dallas Feb. 11, 2022, pet. denied) (mem. op.).

Garrey's affidavit states only the following on this issue:

**Appellate fees.** If [Canadian REH] appeal[s] the Court's ruling to the Court of Appeals, it is my opinion that the reasonable and necessary fees [appellees] will incur defending such appeal would be an additional Fourteen Thousand Dollars **($14,000.00).** If a petition for review in the Supreme Court of Texas is filed, it is my opinion that the reasonable and necessary fees [appellees] would incur would be an additional Seven Thousand Dollars **($7,000.00).**

Garrey's testimony does not identify the services he reasonably believes will be necessary to defend the appeal. Nor does he identify a reasonable hourly rate for performance of any of those services. We conclude, therefore, that appellees' evidence of appellate attorney's fees is insufficient. *See Ruff*, 2022 WL 420353, at *11; *see also KBIDC Investments, LLC*, 2020 WL 5988014, at *24.

We sustain Canadian REH's second issue as to the sufficiency of evidence supporting the trial court's award of appellate attorney's fees. In all other respects, we overrule the second issue.

### Equitable and Just Attorney's Fees

In its third issue, Canadian REH argues that the trial court's fee award is not equitable and just. *See* CIV. PRAC. & REM. § 37.009. "Whether it is 'equitable and just' to award any portion of reasonable and necessary attorney's fees depends, not on direct proof, but on the concept of fairness, in light of all the circumstances of the case." *Anderton v. City of Cedar Hill*, 583 S.W.3d 188, 195–96 (Tex. App.—Dallas 2018, no pet.). Matters of equity are addressed to the trial court's discretion. *Bocquet*, 972 S.W.2d at 21. Accordingly, we review the trial court's decision to award these

fees—in terms of the equities involved—for an abuse of discretion. *Ridge Oil Co., Inc. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004).

Canadian REH's argument here is really limited to a single complaint: appellees initially opposed dismissal of the lawsuit pursuant to the Plea, arguing that Canadian REH had refused to agree to a declaratory judgment that would have spoken to the validity of the restrictive covenant at issue in this case. Canadian REH contends that this effort to obtain an advisory opinion from the trial court was itself inequitable conduct, and thus appellees should not recover fees that must be equitable and just.

Although appellees have not filed a brief in this Court, we have the reporter's record from the hearing on the Plea, during which the trial court spoke to the equities in this case from a different perspective. After announcing his ruling that appellees' substantive claims had become moot, the trial judge stated:

> [H]owever, I think the attorney's fees are alive and well, and I will be very, very interested to hear that hearing because I don't like the way it is set up.
>
> So you can take that for however you like, but this case should not have lasted as long as it did, it should not have cost the way it did for everybody just to go away at the end. So take that back to your clients and see what they say.

Garrey's supplemental declaration attached docket sheets from both the state and federal cases in an effort to show the fees requested would be just and equitable in this "complicated, hotly contested property dispute." Garrey opined further that the fees sought "would be fair and equitable considering the hurdles [appellees] were

forced to overcome to successfully keep [Canadian REH's] attempted commercial development out of their residential neighborhood." Thus, although the UDJA does not require a party to prevail in order to recover fees, appellees suggest that they have indeed prevailed.

"The trial court endured this litigation and was familiar with the circumstances of the case." *See Bennett v. Zucker*, No. 05-20-00488-CV, 2021 WL 3701374, at *11 (Tex. App.—Dallas Aug. 20, 2021, pet. denied) (mem. op.). We discern no unfairness, and thus no abuse of discretion, in the court's award of fees considering all those circumstances. *See Anderton*, 583 S.W.3d at 195–96.

We overrule Canadian REH's third issue.

### CONCLUSION

We vacate the trial court's award of conditional appellate attorney's fees. In all other respects, we affirm the trial court's judgment. We remand this case to the trial court for further proceedings consistent with this opinion.

/Bill Pedersen, III//
200747f.p05                    BILL PEDERSEN, III
                               JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CANADIAN REAL ESTATE HOLDINGS, LP, Appellant

No. 05-20-00747-CV V.

KAREN F. NEWTON REVOCABLE TRUST, SATHU SUBBIAH, JANET ANDERS, TIM ANDERS, RAUL PEREZ, JR., JERRY BROWN, TREY MONSON, COLEEN MONSON, JILL RUSE-PETERSON, TERRY A. PETERSON, BILL TROTTER, KRIS TROTTER, ROBERT CARTER, JOAN PYNE, CHARLIE PYNE, ROBERT SOLTYSIK, LINDA SOLTYSIK, GARY PIERCE, MELINDA PIERCE, DAVID COX, JENNIFER COX, MIKE SHEPHERD, STEPHANIE SHEPHERD, HARVEY GRAHAM, SANDRA GRAHAM, BEAU DAVIS, TISHA DAVIS, MARIA MERCER, JON MERCER, MIKE BELL, JAMES EVANS, MARILEE EVANS, WILLIAM JONES, PAULA JONES, JERRY LONG, SHERRI LONG, JOAN ROSE, TED ROSE, JOE W. CHESNEY, KAREN CHESNEY, JOE K. CHESNEY,

On Appeal from the 296th Judicial District Court, Collin County, Texas Trial Court Cause No. 296-02588-2019.
Opinion delivered by Justice Pedersen, III. Justices Goldstein and Smith participating.

DEBBIE CHESNEY, GREGG
JERNIGAN, GRETCHEN
JERNIGAN, KENT VANMETER,
CAROL VANMETER, JAMES
SCHWARTZ and SARAH
SCHWARTZ, Appellees

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **VACATED** in part. We **VACATE** that portion of the trial court's judgment awarding conditional appellate attorney's fees. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 29th day of September, 2022.