

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00516-CV

_____

VIOLETA PASKAUSKIENE, Appellant

V.

TEXAS DEPARTMENT OF MOTOR VEHICLES, Appellee

---

On Appeal from County Court at Law No. 3
Tarrant County, Texas
Trial Court No. 2024-001211-3

---

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

The trial court found that pro se Appellant Violeta Paskauskiene's claim against Appellee Texas Department of Motor Vehicles (DMV) was barred by sovereign immunity, so it granted the DMV's plea to the jurisdiction. Paskauskiene challenges that judgment, arguing that sovereign immunity does not apply and that her case should not have been dismissed.

But several months before the trial court ruled on the DMV's plea, Paskauskiene nonsuited her claim against the agency, leaving her case defendant-less and extinguishing the case or controversy. So, ultimately, the trial court was required to dismiss Paskauskiene's case, though it lacked jurisdiction to do so on the merits of the DMV's plea. Thus, we will vacate the trial court's judgment and dismiss the appeal as moot.

## I. Background

Paskauskiene sued the DMV for "a Judgment declaring [her] an owner of a [certain] Mazda" that she had purchased the year before. In her original petition, Paskauskiene alleged that the used car dealership that had processed her purchase-related documentation had placed a stamp on the Mazda's title, and due to the stamp, Paskauskiene had run into issues transferring the title into her name. The DMV answered with a plea to the jurisdiction, pointing out that Paskauskiene had not pleaded any waiver of its sovereign immunity.

While the DMV's plea was pending, in July 2024, Paskauskiene amended her petition to omit the agency. She explained that, when she had filed her original petition, "the clerk [had] refused to accept the petition until [she] indicated a VERSUS SOME[B]ODY," so she had named the DMV. But since then, Paskauskiene had concluded that the clerk had provided "wrong advice" and that the DMV should not have been named as a party.[1] Her amended petition did not name a defendant; it listed only a plaintiff, and it expressly "ask[ed the court] to remove [the] non-party [namely, the DMV] from the case styled above."

Despite Paskauskiene's request to remove the DMV—the only defendant[2]—from the case, the trial court did not enter a dismissal order.[3] And Paskauskiene continued to follow up with the trial court, seeking judicial recognition that she was the owner of the Mazda.

---

[1]In another document filed the same day as her amended petition, Paskauskiene asserted that "[a] petition for [a c]ourt [o]rder is between the person applying for such an order and the court," so the DMV should "not even [be] a party."

[2]On the same day that the trial court signed its judgment granting the DMV's plea, Paskauskiene filed a "Motion to Replace Respondent TxDMV With New Defendants." As an exhibit to her motion, she attached a "proposed Petition," which was the first page of her then-live, defendant-less petition with two new defendants' names handwritten into the style. Paskauskiene did not file an actual amended petition, though, and there is no indication that any new defendants were served with citation.

[3]When the DMV's name continued to appear on case-related documents, Paskauskiene moved the trial court to delete it, reiterating that—per her amended petition—"TxDMV should not be named as Respondent."

3

Finally, in October 2024, the trial court signed a judgment granting the DMV's plea to the jurisdiction on sovereign immunity grounds and dismissing Paskauskiene's case. Paskauskiene appeals that judgment.

## II. Paskauskiene's Appeal

Generally, Paskauskiene's appellate arguments reflect a misunderstanding of the nature of the judicial proceeding below. She asserts that, among other things,

- she "ha[d] no claims against [the DMV] and was [merely] following [its] procedure [by] asking . . . [for a c]ourt [o]rder [so] that [it] could register and title . . . [her] vehicle";

- she "did not file the suit for damages and/or liability," so sovereign immunity was inapplicable; and

- the trial court abused its judicial power and deprived her of due process by dismissing her case without an evidentiary hearing on the merits of her vehicle ownership.

Whether or not Paskauskiene intended to sue the DMV, she did so when she filed her petition and named the DMV as a defendant. *See generally* Tex. R. Civ. P. 22 ("A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk."), 78 ("The pleading of plaintiff shall consist of an original petition . . . ."); *see also Tex. Health & Hum. Servs. Comm'n v. Pope*, 674 S.W.3d 273, 280 (Tex. 2023) ("The State and its agencies . . . 'are immune from suit and liability in Texas unless the Legislature expressly waives sovereign immunity.'"). But this is neither here nor there because, by the time the trial court ruled on the sovereign immunity issue, Paskauskiene had nonsuited her claim against the DMV.

4

### III.  Paskauskiene's Nonsuit

"At any time before the plaintiff has introduced all of h[er] evidence other than rebuttal evidence, the plaintiff may dismiss a case[] or take a non[]suit."  Tex. R. Civ. P. 162; *Morath v. Lewis*, 601 S.W.3d 785, 787 (Tex. 2020); *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006).  The plaintiff can take a nonsuit in multiple ways, including by intentionally omitting a defendant from her amended petition.  *See FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Hous. Sys.*, 255 S.W.3d 619, 632–33 (Tex. 2008) (recognizing that "filing an amended petition that does not include a cause of action effectively nonsuits or voluntarily dismisses the omitted claims as of the time the pleading is filed"); *Estate of Stegall*, No. 02-17-00410-CV, 2019 WL 6205244, at *9 (Tex. App.—Fort Worth Nov. 21, 2019, no pet.) (mem. op.) (similar); *Deadmon v. Dall. Area Rapid Transit*, 347 S.W.3d 442, 444 (Tex. App.—Dallas 2011, no pet.) ("[T]he omission of claims against a party in a petition operates as a voluntary dismissal of the party from the lawsuit."); *Woodruff v. Wright*, 51 S.W.3d 727, 731 (Tex. App.—Texarkana 2001, pet. denied) ("Parties to a suit are dismissed as effectively by omitting their names from an amended pleading as by entry of a formal order of dismissal.").

Although a trial court "need not immediately dismiss the suit" at the time of the plaintiff's dismissal motion or amended petition, the court "generally has no discretion to refuse to dismiss the suit, and its order doing so is ministerial." *Blackmon*, 195 S.W.3d at 100; *see Morath*, 601 S.W.3d at 787 ("The plaintiff's right to

5

take a nonsuit is *unqualified and absolute* as long as the defendant has not made a claim for affirmative relief."). Unless the defendant has a pending claim for affirmative relief, "the nonsuit extinguishes [the] case or controversy from the moment the motion [or amended petition] is filed."[4] *Blackmon*, 195 S.W.3d at 100 (internal quotation marks omitted); *see Morath*, 601 S.W.3d at 788 ("However it is achieved procedurally, the plaintiffs' total abandonment of [her] claims for relief 'extinguishes' jurisdiction."). Put differently, the plaintiff's case against the nonsuited defendant is rendered moot. *See Tex. Dep't of Fam. & Protective Servs., v. N.J.*, 644 S.W.3d 189, 192 (Tex. 2022) ("A case is moot when a justiciable controversy no longer exists between the parties or when the parties no longer have a legally cognizable interest in the outcome."). And "courts lack subject[ ]matter jurisdiction to decide a moot controversy." *Id.*; *see Morath*, 601 S.W.3d at 789 (reiterating that "[w]e do not have power to decide moot cases").

Here, Paskauskiene nonsuited the DMV when she intentionally omitted its name from her amended petition.[5] *See Deadmon*, 347 S.W.3d at 444; *Woodruff*, 51

---

[4]Even though a "nonsuit is effective when it is filed," the "date on which the trial court signs [the] order dismissing the suit is the 'starting point for determining when a trial court's plenary power expires,'" so Paskauskiene's July 2024 nonsuit did not render her November 2024 notice of appeal untimely. *Blackmon*, 195 S.W.3d at 100.

[5]Nothing in Paskauskiene's amended petition indicated an intent to preserve her claim against the DMV; in fact, Paskauskiene expressly asked the trial court to update its case file to "remove [the] non-party from the case." *Cf. Stegall*, 2019 WL 6205244, at *9 (explaining that a plaintiff does not waive error related to a claim

S.W.3d at 731–32. The DMV had no claims for affirmative relief pending at the time. *Cf.* Tex. R. Civ. P. 162 (recognizing that a nonsuit "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief"); *Blackmon*, 195 S.W.3d at 100–01 (similar, clarifying that a claim for affirmative relief is "a cause of action, independent of the plaintiff's claim, on which the claimant could recover compensation or relief, even if the plaintiff abandons or is unable to establish his cause of action"). Nor did the DMV have any pending requests for sanctions, attorney's fees, or costs.[6] *See* Tex. R. Civ. P. 162 (recognizing that a nonsuit "shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal"); *Blackmon*, 195 S.W.3d at 100–01 (similar).

Thus, although the trial court was not required to issue a dismissal order immediately upon the filing of Paskauskiene's amended petition, its subsequent entry of such an order was purely ministerial, and in the interim, Paskauskiene's claim against the DMV was moot. *Klein v. Hernandez*, 315 S.W.3d 1, 4 (Tex. 2010) ("When a

---

omitted from her amended petition if there are "statements in the amended pleading indicating that the pleader intended to reserve her rights with respect to the omitted claims," such as by reserving the right to challenge omitted claims previously dismissed by the trial court). Even on appeal, Paskauskiene reiterates that "Appellee is not a party to the petition for a court order reflecting Appellant as the owner of her vehicle."

[6]The DMV requested costs if the case reached a final hearing, though. It asked—as an alternative to the dismissal of Paskauskiene's case on jurisdictional grounds—that, "upon a final hearing, [the trial court] enter a final judgment that Plaintiff take nothing by way of this suit[ and] that all court costs be taxed against Plaintiff."

7

plaintiff is entitled to a non-suit, the trial court's dismissal order is ministerial."); *In re Riggs*, 315 S.W.3d 613, 616 (Tex. App.—Fort Worth 2010, orig. proceeding) (noting that "a trial court's refusal to grant a nonsuit violates a ministerial duty" and issuing conditional mandamus relief when trial court denied plaintiff's motion to dismiss). And because it was moot, the trial court lacked subject matter jurisdiction to consider the merits of the sovereign immunity issue presented in the then-nonsuited DMV's plea to the jurisdiction. *See CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 301 (Tex. 2013) (summarizing *Blackmon* as "h[o]ld[ing] that a plea to the jurisdiction based on sovereign immunity was not a claim for affirmative relief that survived nonsuit" and distinguishing such a plea from sanctions).

Moreover, for the same reason, we, too, lack subject matter jurisdiction to consider the merits of the DMV's plea. *See Paxton v. Comm'n for Lawyer Discipline*, 707 S.W.3d 115, 117 (Tex. 2025) (concluding that, because nonsuit was filed while petition for review was pending, the court could not "resolve the disputed question of appellate jurisdiction" that had been addressed by the court of appeals); *Morath*, 601 S.W.3d at 788 (explaining that "the non[]suit is not merely the end of the case[—i]t is the end of the [c]ourt's power to decide the case"); *Hous. Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 156–57 (Tex. 2007) (holding that plaintiff's nonsuit on appeal mooted disputed sovereign immunity issues related to his nonsuited claim); *Blackmon*, 195 S.W.3d at 101 (holding that court of appeals lacked jurisdiction to issue opinion

8

on merits of jurisdictional plea because plaintiff nonsuited case and thus extinguished case or controversy in the interim). This appeal is moot.

## IV. Conclusion

Because Paskauskiene's nonsuit of the DMV mooted her case before the trial court ruled on the merits of the DMV's plea, we vacate the trial court's judgment and dismiss Paskauskiene's appeal as moot. *Cf. Morath*, 601 S.W.3d at 789, 792 (vacating court of appeals' judgment and dismissing case while noting that, "when a case becomes moot on appeal, all previous orders are set aside by the appellate court and the case is dismissed").

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: August 14, 2025

9