**Opinion issued March 31, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00244-CV

_____

**PHILLIP DAVID HASKETT, Appellant**

**V.**

**SAN LEON MUNICIPAL UTILITY DISTRICT, SAN LEON VOLUNTEER FIRE DEPARTMENT, KELLY NEASON, KEITH GOSSETT, SHERYL HAYSLIP-BAHENA, CURTIS ANDERSON, KEN KELLER, KENNETH BISHOP, ANDREW MILLER, AND TYSON KENNEDY, Appellees**

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Case No. 22-CV-2358-A**

## MEMORANDUM OPINION

Appellant, Phillip David Haskett, proceeding pro se, challenges the trial court's order granting the combined plea to the jurisdiction and summary-judgment motion filed by appellee, San Leon Volunteer Fire Department ("SLVFD"), in

Haskett's suit against SLVFD for "vacature of election approving fire protection plan," failure to audit, interference with beneficial contract, disregard of corporate entity, and outrageous conduct. Haskett also challenges the trial court's order granting the plea to the jurisdiction filed by appellees, San Leon Municipal Utility District ("SLMUD"), Kelly Neason, Keith Gossett, Sheryl Hayslip-Bahena, Curtis Anderson, Ken Keller, Kenneth Bishop, Andrew Miller, and Tyson Kennedy (collectively, the "SLMUD employees"), in Haskett's suit against SLMUD and the SLMUD employees for "vacature of election approving fire protection plan," failure to audit, interference with beneficial contract, disregard of corporate entity, outrageous conduct, and defamation. In four issues, Haskett contends that the trial court erred in granting the combined plea to the jurisdiction and summary-judgment motion filed by SLVFD, granting the plea to the jurisdiction filed by SLMUD, failing to rule on his motions to compel discovery, and failing to construe his petition liberally.

We affirm.[1]

---

[1] We note that Haskett has a related appeal pending before the Court in appellate cause number 01-24-00255-CV, which arises from the same underlying suit. The underlying suit was severed into two separate trial court cause numbers by the trial court. *See Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001) ("As a rule, severance of an interlocutory judgment into a separate cause makes it final.").

## Background

In his second amended petition, Haskett alleged that on or about August 22, 2011, the Texas Commission on Environmental Quality ("TCEQ") granted SLMUD "permission to begin assessing a mandatory fee for 'fire protection services' of $8.00 per month (later raised to $10.00) on each active account" based on a "'Contract and Plan for Fire Suppression Service' . . . between SLMUD and SLVFD that [was] originally . . . signed on August 10, 1982 and then subsequently amended several times." According to Haskett, the contract "contained a specific provision that stated [that] SLVFD would conduct an annual certified audit[] and submit that audit to SLMUD for review and approval." The contract also required SLVFD "to present a monthly report of its activities and expenditures to . . . SLMUD at its monthly public board meeting," which Haskett alleged had last occurred in 2012. Haskett further asserted that the grant of permission by TCEQ to SLMUD to assess the "mandatory fire protection fee" was based on false representations made by SLMUD in an application submitted to TCEQ on or about May 11, 2011.

Haskett also alleged that the 2011 version of Texas Water Code section 49.351(i) required that after TCEQ's approval to assess a "mandatory fire protection fee," an election had to be held to impose the fee. However, according to Haskett, the election that was held was "riddled with irregularities" and kept secret. In November 2011, SLMUD customers received a water bill with a message stating,

3

"The Vol. Fire Dept. fee was voted mandatory and your bill will now reflect the $8.00 fee. Failure to pay will result in disconnection." (Internal quotations omitted.)

According to Haskett, "[a]fter receiving authority to assess [the] monthly mandatory fee," funding to SLVFD "increased substantially," and "by 2015[,] one or more persons with access to the funds," including Keller, began "embezzling the funds." Haskett alleged that funds continued to be misused by SLVFD employees, and a "contractually mandated certified audit" was never conducted.

Haskett further asserted that on May 29, 2020, he wrote SLMUD a letter advising it "that he would no longer pay the $10.00 per month mandatory" fee to SLVFD until a certified audit had been completed and made public. Shortly thereafter, Haskett "commence[d] an extended summer vacation" and placed his residential water service on "vacation suspension." (Internal quotations omitted.) While away on vacation, Haskett did not pay the mandatory fee to SLVFD. When Haskett returned from vacation, SLMUD "refused to reinstate [his] water service," and Haskett "was forced to commence using harvested rainwater . . . or water obtained from other SLMUD customers to flush his toilet, and to shower at a health club where he obtained an expensive and otherwise unwanted membership."

In January 2021, Haskett "stated on social media that he intended to file suit against SLMUD over these myriad issues and abuses, for damages relating to his being forced to carry water to his home for basic sanitary uses and for defamation."

4

In response, Miller "publicly accused [Haskett] of theft of services for admittedly flushing his toilet without an 'active' water account." According to Haskett, on January 19, 2021, at an SLMUD board meeting, "the matter was discussed in [an] executive session by all five board members, with Miller, Keller[,] and SLMUD's legal counsel also participating." On January 26, 2021, "an SLMUD work crew appeared in front of [Haskett's] home . . . and proceeded to dig up and destroy [Haskett's] sewer connection."

Haskett further alleged that on March 27, 2021, he attempted to lease his property to another individual, but eventually, the individual voided the lease agreement because he was unable to obtain water services through SLMUD, and Haskett lost revenue. Additionally, a few months later, Miller and other SLMUD employees filed an "anonymous complaint," and Haskett "was charged with [a] criminal violation of county health rules for inhabiting his home without proper sanitary connections." A fine was assessed against Haskett. According to Haskett, SLVFD, SLMUD, and the SLMUD employees had tried to "run [him] out of town" so that he could not "uncover their various crimes." (Internal quotations omitted.) And "there ha[d] been repeated derogatory comments posted to social media by dozens of individuals who [were] either supporters of or connected to SLMUD and SLVFD[,] which ridicule[d] [Haskett] for 'defecating in a bucket' while allegedly being unable to afford water service at his residence."

Haskett brought claims against SLVFD for "vacature of election approving fire protection plan," failure to audit, interference with beneficial contract, disregard of corporate entity, and outrageous conduct. Haskett brought claims against SLMUD and the SLMUD employees for "vacature of election approving fire protection plan," failure to audit, interference with beneficial contract, disregard of corporate entity, outrageous conduct, and defamation.[2] Haskett sought monetary damages and attorney's fees.

SLVFD answered, generally denying the allegations in Haskett's petition. SLMUD and its employees also answered, generally denying the allegations in Haskett's petition and asserting that Haskett's claims against them were barred by governmental immunity.

SLVFD moved for summary judgment on Haskett's claims against it for interference with beneficial contract and outrageous conduct, asserting that Haskett had no evidence to establish any elements of his interference-with-a-contract claim[3]

---

[2] Haskett also brought claims against TCEQ and John Wade, the publisher of "a local tabloid," who are the appellees in his related appeal, pending in appellate cause number 01-24-00255-CV.

[3] The essential elements of a tortious-interference-with-a-contract claim are: (1) the existence of a contract subject to interference; (2) the occurrence of an act of interference that was willful and intentional; (3) the act was a proximate cause of the plaintiff's damage; and (4) that actual damage or loss occurred. *Holloway v. Skinner*, 898 S.W.2d 793, 795–96 (Tex. 1995).

6

and "no evidence of outrageous conduct committed by SLVFD."[4]  As to Haskett's remaining claims against SLVFD, SLVFD filed a plea to the jurisdiction, asserting that Haskett lacked standing to pursue those claims against it.[5]  According to SLVFD, Haskett could not show that he had "suffered an injury," "that there [was] a controversy between the parties," or "that he w[ould] likely be granted any relief."

In his response[6] to SLVFD's combined plea to the jurisdiction and summary-judgment motion, Haskett argued that SLVFD was not entitled to summary judgment because an "adequate time for discovery" had not yet passed and he "ha[d] more than a scintilla of evidence to proceed with [his] claims for relief . . . for interference with a beneficial contract and for outrageous conduct."  As to SLVFD's plea to the jurisdiction, Haskett argued that he had standing because he

---

[4]   The elements of a claim for intentional infliction of emotional distress are: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress that the plaintiff suffered was severe. *See Brewerton v. Dalrymple*, 997 S.W.2d 212, 215 (Tex. 1999); *see also Twyman v. Twyman*, 855 S.W.2d 619, 621–22 (Tex. 1993) (recognizing tort of intentional infliction of emotional distress as Texas's tort for outrageous conduct).

[5]   *See Green Tree Servicing, LLC v. Woods*, 388 S.W.3d 785, 790–91 (Tex. App.— Houston [1st Dist.] 2012, no pet.) ("Typically, a challenge to standing is raised in a plea to the jurisdiction.  A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction." (internal citations and quotations omitted)).

[6]   SLVFD moved to strike Haskett's response, asserting that it was not timely filed. The record does not reflect that the trial court ruled on SLVFD's motion to strike, but whether the trial court considered Haskett's response in granting SLVFD's plea to the jurisdiction and summary-judgment motion has no bearing on our analysis below. *See infra.*

had suffered injury as SLVFD had failed to comply with Texas statutes before imposing the "fire protection fee." Haskett did not attach any evidence to his response.[7]

The trial court granted SLVFD's plea to the jurisdiction and summary-judgment motion and dismissed Haskett's claims against it.

SLMUD and the SLMUD employees then filed a plea to the jurisdiction, asserting that Haskett lacked standing to bring his claims against them.[8] They also argued that the trial court lacked subject-matter jurisdiction over Haskett's suit against them because SLMUD was entitled to governmental immunity, and as such, SLMUD was protected from suit, absent a legislative waiver of immunity.[9] According to SLMUD and its employees, Haskett could not establish that immunity had been waived by the Texas Water Code[10] or the Texas Tort Claims Act ("TTCA").[11]

---

[7]     SLVFD filed a reply to Haskett's response.

[8]     *See Green Tree Servicing*, 388 S.W.3d at 790–91.

[9]     *See, e.g.*, *Valley Mun. Util. Dist. No. 2 v. Rancho Viejo, Inc.*, No. 13-07-545-CV, 2008 WL 384320, at *2–4 (Tex. App.—Corpus Christi–Edinburg Feb. 14, 2008, no pet.) (mem. op.) (considering whether municipal utility district's governmental immunity had been waived by Texas Water Code); *Sutton Bldg., Ltd. v. Travis Cnty. Water Dist. 10*, No. 03-02-00659-CV, 2004 WL 1404045, at *2 (Tex. App.—Austin June 24, 2004, no pet.) (mem. op.) (municipal utility districts, which perform governmental functions, are "immune from liability unless the legislature has waived [their] immunity by clear and unambiguous language").

[10]    *See* TEX. WATER CODE ANN. §§ 5.351, 5.352.

[11]    *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109.

As to the Texas Water Code, SLMUD and its employees argued that Haskett could not maintain suit against them because the Texas Attorney General was the proper party to bring suit against SLMUD.[12] They also asserted that, under Texas Water Code section 5.351, Haskett was required to exhaust his administrative remedies before he could "invoke [the] waiver of . . . immunity" provided by that section and that had not occurred in this case.[13] Further, SLMUD and the SLMUD employees argued that Texas Water Code section 5.352 did not waive SLMUD's governmental immunity because Haskett had not pled for mandamus relief in his second amended petition and section 5.352 only allowed "[a] person affected by the failure of [TCEQ] or the executive director [of TCEQ] to act in a reasonable time on an application to appropriate water or to perform any other duty with reasonable promptness [to] file a petition to compel [TCEQ] or the executive director to show cause why it should not be directed by the court to take immediate action."[14]

---

[12]  *See* TEX. WATER CODE ANN. § 49.066.

[13]  *See* TEX. WATER CODE ANN. § 5.351; *Tex. Water Comm'n v. Dellana*, 849 S.W.2d 808, 809–10 (Tex. 1993) ("Section 5.351 of the Texas Water Code authorizes judicial review of Water Commission decisions . . . [b]ut only a party that has exhausted all available administrative remedies may seek judicial review of an agency decision."); *Tex. Comm'n on Env't Quality v. Bonser–Lain*, 438 S.W.3d 887, 894 (Tex. App.—Austin 2014, no pet.) ("[S]ection 5.351's waiver of immunity is limited to administrative actions that are regulatory in nature and only upon the exhaustion of all administrative remedies.").

[14]  *See* TEX. WATER CODE ANN. § 5.352; *Tex. Comm'n on Env't Quality v. Kelsoe*, 286 S.W.3d 91, 94 (Tex. App.—Austin 2009, pet. denied) ("[Texas Water Code] [s]ection 5.352 allows a party to seek mandamus relief for TCEQ's or the executive director's failure to act." (emphasis omitted)).

As to the TTCA, SLMUD and the SLMUD employees asserted that Haskett had not provided the requisite notice under Texas Civil Practice and Remedies Code section 101.101, and as such, immunity could not be waived.[15] Further, SMLUD and the SLMUD employees asserted that Haskett's claims against the employees were barred under the election-of-remedies provision of the TTCA.[16]

In his response to SLMUD and its employees' plea to the jurisdiction, Haskett asserted that the trial court should consider the plea to the jurisdiction to be an untimely Rule 91a motion to dismiss and deny it.[17] Haskett also asserted that he had provided SLMUD with the required notice under the TTCA.[18] Finally, he asserted

---

[15] See TEX. CIV. PRAC. & REM. CODE ANN. § 101.101; *Anderson v. Waller Cnty. & Waller Cnty. Sheriff's Dep't*, No. 01-20-00097-CV, 2021 WL 3042677, at *6 (Tex. App.—Houston [1st Dist.] July 20, 2021, pet. denied) (mem. op.) ("To take advantage of the TTCA's limited waiver of immunity, a plaintiff must comply with the TTCA's notice requirements. A plaintiff's failure to provide the statutorily required notice deprives the trial court of jurisdiction and requires the court to dismiss the plaintiff's case." (internal citations omitted)); *Bexar Cnty. v. Votion*, No. 04-14-00629-CV, 2015 WL 2405364, at *2 (Tex. App.—San Antonio May 20, 2015, no pet.) (mem. op.) (TTCA requires plaintiff to notify governmental unit of claim in order to invoke waiver of immunity).

[16] See TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) ("If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."); *see also Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 398–99 (Tex. App.—Fort Worth 2008, no pet.) (status as elected official does not "place [individual] outside the definition of 'employee'").

[17] See TEX. R. CIV. P. 91a.

[18] Haskett attached copies of his purported notices to his response.

that the specific claims brought against Keller and Miller for defamation were based on acts committed outside the scope of their employment.

The trial court granted the plea to the jurisdiction filed by SLMUD and the SLMUD employees and dismissed Haskett's claims against them.

The trial court then severed Haskett's claims against SLVFD, SLMUD, and the SLMUD employees from the underlying suit.[19]

### Pro Se Briefing

As an initial matter, we note that we construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880–81 (Tex. App.—Beaumont 2002, pet. denied). Nevertheless, a pro se litigant is held to the same standards as a licensed attorney and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). The law is well established that, to present an issue to the Court, an appellant's brief must contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contentions made with appropriate citations to pertinent authorities and the record. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.); *see also* TEX. R. APP. P. 38.1. Stated differently, an appellant's briefing must

---

[19]     *See Diversified Fin. Sys.*, 63 S.W.3d at 795 ("As a rule, severance of an interlocutory judgment into a separate cause makes it final.").

11

put forth specific arguments and substantive analysis showing that the record and law support his contentions on appeal. *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.). "A failure to provide substantive analysis of an issue or cite appropriate authority waives a complaint on appeal." *Hooks v. Brenham Hous. Auth.*, No. 01-17-00602-CV, 2018 WL 6061307, at *2 (Tex. App.—Houston [1st Dist.] Nov. 20, 2018, no pet.) (mem. op.). An appellate court has no duty—or any right—to perform an independent review of the record and applicable law to determine whether there was error below. *Canton–Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.). With this in mind, we turn to Haskett's issues on appeal.

**SLVFD's Plea to the Jurisdiction and Summary-Judgment Motion**

In his second issue, Haskett argues that the trial court erred in granting SLVFD's combined plea to the jurisdiction and summary-judgment motion because Haskett had standing to sue SLVFD.

First, we note that, in the trial court, SLVFD filed a no-evidence motion for summary judgment on Haskett's claims against it for interference with beneficial contract and outrageous conduct, which the trial court granted. In his briefing on appeal, Haskett presents no argument or analysis on the issue of whether the trial court erred in granting SLVFD summary judgment on those claims.

12

An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). The failure to provide substantive analysis of an issue or cite appropriate authority waives a complaint on appeal. *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). Accordingly, we hold that Haskett, due to inadequate briefing, has waived any complaint about the trial court's granting of summary judgment on his claims against SLVFD for interference with beneficial contract and outrageous conduct.[20] *See Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied) (appellate court cannot remedy deficiencies in appellant's brief for him).

As to SLVFD's plea to the jurisdiction, SLVFD requested that the trial court dismiss Haskett's claims against it for "vacature of election approving fire protection

---

[20] To the extent that Haskett tries to incorporate by reference in his appellant's brief argument and analysis presented in the trial court, this is not sufficient to comply with the appellate briefing rules. *See Equity Indus. Ltd. P'ship IV v. S. Worldwide Logistics, LLC*, No. 14-14-00750-CV, 2016 WL 1267848, at *2 (Tex. App.—Houston [14th Dist.] Mar. 31, 2016, no pet.) (mem. op.) ("The appellate rules require [appellant] to file an appellate brief that contains sufficient briefing, and [appellant] may not satisfy this requirement by incorporating by reference into its appellate brief argument and analysis presented in the trial court or by citing such argument and referring this court to it."); *Khan v. Safeco Surplus Lines*, No. 14-13-00024-CV, 2014 WL 3907976, at *5–6 (Tex. App.—Houston [14th Dist.] Aug. 12, 2014, pet. denied) (mem. op.) (holding issue inadequately briefed where appellant "attempt[ed] to incorporate by reference the argument and authorities provided in his responses to [appellee's] motions for summary judgment filed in the trial court").

plan," failure to audit, and disregard of corporate entity, asserting that Haskett lacked standing to bring those claims.

We review questions of standing de novo. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004). This is because standing is a component of subject-matter jurisdiction. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005) ("Without standing, a court lacks subject matter jurisdiction to hear the case."). When a plea to the jurisdiction raises a question of standing, we also review the trial court's ruling on the plea to the jurisdiction de novo. *See Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 929 (Tex. 2010) ("We review a trial court's order granting or denying a plea to the jurisdiction de novo."). In applying a de novo standard of review to a standing determination, reviewing courts "construe the pleadings in the plaintiff's favor, but we also consider relevant evidence offered by the parties." *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018).

Standing is a threshold requirement to maintaining a lawsuit. *See Farmers Tex. Cnty. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 240–41 (Tex. 2020); *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). "A court has no jurisdiction over a claim made by a plaintiff who lacks standing to assert it." *Heckman*, 369 S.W.3d at 150. "In Texas, the standing doctrine requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court." *Id.* at 154. The first element of this three-part standing test requires the

plaintiff to plead facts that demonstrate that he is "personally injured . . . that he, himself (rather than a third party or the public at large), suffered the injury." *Id.* at 155 (emphasis omitted). The second element of the standing test requires that the alleged injury be "traceable" to the challenged conduct of the defendant so that there is a real controversy between the parties. *Id.* (internal quotations omitted). The third element of the standing test requires the plaintiff to establish a "substantial likelihood that the requested relief will remedy the alleged injury in fact." *Id.* at 155–56 (internal quotations omitted).

In its plea to the jurisdiction, SLVFD addressed all three elements of the standing test, asserting that Haskett could not establish that he had "suffered an injury," "that there [was] a controversy between the parties," or "that he w[ould] likely be granted any relief" related to the causes of actions for "vacature of election approving fire protection plan," failure to audit, and disregard of corporate entity. The trial court granted SLVFD's plea to the jurisdiction finding that Haskett did not have standing, and as such, it lacked jurisdiction over Haskett's claims.[21]

In his appellant's brief, Haskett only asserts that he "suffered an injury" to counter the trial court's determination that he lacked standing to bring his claims against SLVFD. Notably, he does not discuss or address the second and third

---

[21]   In its order, the trial court did not specify its reason for concluding that Haskett lacked standing.

15

elements of the standing test. Here, the trial court's conclusion that appellant lacked standing to bring his claims for "vacature of election approving fire protection plan," failure to audit, and disregard of corporate entity could have been based on a finding by the trial court that Haskett had not established that his alleged injury was "traceable" to the challenged conduct of SLVFD so that there was a real controversy between the parties or that he had not established a "substantial likelihood that the requested relief w[ould] remedy the alleged injury in fact." *Id.* (internal quotations omitted).

On appeal, an appellant must attack all independent bases or grounds that fully support the complained-of order or judgment. *See Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 423–24 (Tex. App.—Dallas 2009, no pet.); *Britton v. Tex. Dep't of Crim. Just.*, 95 S.W.3d 676, 681–82 (Tex. App.—Houston [1st Dist.] 2002, no pet.). If an independent ground fully supports the complained-of order or judgment, but the appellant assigns no error to that independent ground, an appellate court must accept the validity of the unchallenged independent ground and thus any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of order or judgment. *See Oliphant Fin.*, 295 S.W.3d at 423–24; *Britton*, 95 S.W.3d at 681–82.

Because Haskett, on appeal, has not challenged all of the independent grounds supporting the trial court's ruling that Haskett lacked standing to bring his claims

16

against SLVFD, we hold that the trial court did not err in granting SLVFD's plea to the jurisdiction. *See Heritage Gulf Coast Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 653 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("If the appellant fails to challenge all grounds on which the judgment may have been granted, the appellate court must uphold the . . . judgment."); *Deadmon v. Dall. Area Rapid Transit*, 347 S.W.3d 442, 445 (Tex. App.—Dallas 2011, no pet.) ("When, as here, a trial court sustains a plea to the jurisdiction without specifying the grounds for doing so, an appellant must challenge each independent ground asserted in the plea. If he fails to do so, we must affirm." (internal citations omitted)).

We overrule Haskett's second issue.

### SLMUD's Plea to the Jurisdiction

In his first issue, Haskett argues that the trial court erred in granting SLMUD's plea to the jurisdiction because he satisfied the notice requirements under the TTCA and he had standing to bring suit against SLMUD as he had "suffered [an] injury."[22]

---

[22] We note that SLMUD and the SLMUD employees jointly filed the plea to the jurisdiction in the trial court. In his briefing on appeal, Haskett only appears to complain about the trial court's granting of the plea to the jurisdiction in favor of SLMUD. Thus, we hold that any complaint about the trial court's granting of the plea to the jurisdiction in favor of the SLMUD employees is waived. *See* TEX. R. APP. P. 38.1(f), (i); *see also TPG (Post Oak) Acquisition, LLC v. Greystone Multi-Family Builders, Inc.*, No. 01-18-00396-CV, 2021 WL 3870130, at *1 n.1 (Tex. App.—Houston [1st Dist.] Aug. 31, 2021, pet. granted, judgm't vacated w.r.m.) (mem. op.) ("[A]n appellant that does not actually identify an[] issue[] in an appellant's brief waives [the] issue[] . . . ."); *Ligon v. Casey*, No. 01-22-00247-CV, 2023 WL 4769533, at *12 n.5 (Tex. App.—Houston [1st Dist.] July 27, 2023, no pet.) (mem. op.) ("To comply with Texas Rule of Appellate Procedure 38.1(f), an

In its plea to the jurisdiction, SLMUD raised several arguments to support its request that the trial court dismiss Haskett's claims against it. First, SLMUD asserted that Haskett lacked standing to bring his claims against it. Next, SLMUD argued that the trial court lacked subject-matter jurisdiction over Haskett's suit against it because SLMUD was entitled to governmental immunity and neither the Texas Water Code nor the TTCA waived SLMUD's immunity in this case. Based on those arguments, the trial court could have granted SLMUD's plea to the jurisdiction because it either determined that Haskett lacked standing to bring his claims against SLMUD or because it determined that SLMUD's governmental immunity had not been waived.[23]

As noted above, standing is a threshold requirement to maintaining a lawsuit.[24] *See Beasley*, 598 S.W.3d at 240–41; *Heckman*, 369 S.W.3d at 150. "A court has no jurisdiction over a claim made by a plaintiff who lacks standing to assert it." *Heckman*, 369 S.W.3d at 150. The first element of the three-part standing test requires the plaintiff to plead facts that demonstrate that he is "personally

---

appellant must articulate the issue []he is asking the appellate court to decide. If the appellant does not, there is nothing for [this Court] to address." (internal citations omitted)).

[23] The trial court's order does not specify its reasons for granting SLMUD's plea to the jurisdiction.

[24] We review questions of standing de novo. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004).

injured . . . that he, himself (rather than a third party or the public at large), suffered the injury." *Id.* at 155 (emphasis added). The second element of the standing test requires that the alleged injury be "traceable" to the challenged conduct of the defendant so that there is a real controversy between the parties. *Id.* (internal quotations omitted). The third element of the standing test requires the plaintiff to establish a "substantial likelihood that the requested relief will remedy the alleged injury in fact." *Id.* at 155–56 (internal quotations omitted).

In his briefing on appeal, Haskett does not address every element of the three-part standing test as it relates to his ability to bring suit against SLMUD. He only asserts that "[a] fundamental requirement for the existence of standing is that the party seeking redress of a wrong demonstrate that he has suffered an injury," and, here, Haskett asserts that he had "plainly suffered injury on account of . . . SLMUD's failure to conduct the 'Fire Protection Fee Election' in compliance with [the pertinent] Texas statute."

On appeal, an appellant must attack all independent bases or grounds that fully support the complained-of order or judgment. *See Oliphant Fin.*, 295 S.W.3d at 423–24; *Britton*, 95 S.W.3d at 681–82. If an independent ground fully supports the complained-of order or judgment, but the appellant assigns no error to that independent ground, an appellate court must accept the validity of the unchallenged independent ground and thus any error in the grounds challenged on appeal is

19

harmless because the unchallenged independent ground fully supports the complained-of order or judgment. *See Oliphant Fin.*, 295 S.W.3d at 423–24; *Britton*, 95 S.W.3d at 681–82. Here, the trial court could have determined that Haskett lacked standing to pursue his claims against SLMUD because he was unable to meet either the second or third element of the standing test—two different bases that could have supported the trial court's granting of SLMUD's plea to the jurisdiction which Haskett has not challenged on appeal.

Because Haskett, on appeal, has not challenged all of the independent grounds supporting the trial court's granting of SLMUD's plea to the jurisdiction, we hold that the trial court did not err in granting SLVFD's plea to the jurisdiction.[25] *See Heritage Gulf Coast Props.*, 416 S.W.3d at 653 ("If the appellant fails to challenge all grounds on which the judgment may have been granted, the appellate court must uphold the . . . judgment."); *Deadmon*, 347 S.W.3d at 445 ("When, as here, a trial court sustains a plea to the jurisdiction without specifying the grounds for doing so, an appellant must challenge each independent ground asserted in the plea. If he fails to do so, we must affirm." (internal citations omitted)).

We overrule Haskett's first issue.

---

[25] On appeal, Haskett also failed to address SLMUD's assertion that its immunity had not been waived by the Texas Water Code.

**Motions to Compel Discovery**

In his third issue, Haskett argues that the trial court erred in not ruling on his motions to compel discovery because it "disregarded its supervisory role in discovery" and was "bias[ed] in favor" of SLVFD, SLMUD, and the SLMUD employees.

As previously noted, Texas Rule of Appellate Procedure 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "This is not done by merely uttering brief conclusory statements, unsupported by [appropriate] legal citations." *Tesoro Petroleum Corp. v. Nabors Drilling, USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see also Barham v. Turner Constr. Co. of Tex.*, 803 S.W.2d 731, 740 (Tex. App.—Dallas 1990, writ denied) (appellant bears burden of discussing his assertions of error). The failure to provide substantive analysis of an issue or cite appropriate authority waives a complaint on appeal. *Marin Real Estate Partners*, 373 S.W.3d at 75; *Huey*, 200 S.W.3d at 854.

Related to his third issue, Haskett, in his briefing, does not provide this Court with appropriate argument, analysis, discussion, or citation to proper legal authority. *See* TEX. R. APP. P. 38.1(i); *Richardson v. Marsack*, No. 05-18-00087-CV, 2018 WL 4474762, at *1 (Tex. App.—Dallas Sept. 19, 2018, no pet.) (mem. op.) ("Our

21

appellate rules have specific requirements for briefing," including requiring "appellants to state concisely their complaints, to provide succinct, clear, and accurate arguments for why their complaints have merit in law and fact, to cite legal authority that is applicable to their complaints, and to cite appropriate references in the record."); *Huey*, 200 S.W.3d at 854 ("We have no duty to brief appellant's issue for her. Failure to cite to applicable authority or provide substantive analysis waives an issue on appeal."); *see also Hopes–Fontenot v. Farmers New World Life Ins. Co.*, No. 01-12-00286-CV, 2013 WL 4399218, at *1 (Tex. App.—Houston [1st Dist.] Aug. 15, 2013, no pet.) (mem. op.) (pro se litigant must properly present her case on appeal; we "may not make allowances or apply different standards for litigants appearing without . . . counsel").

Accordingly, we hold that Haskett has waived, due to inadequate briefing, his complaint about the trial court's purported failure to rule on his motions to compel.

### Liberal Construction

In his fourth issue, Haskett argues that the trial court erred in not construing his petition liberally to include a request for declaratory judgment that SLVFD, SLMUD, and the SLMUD employees had "failed to comply with Texas statute[s]

22

and that such failure negate[d] any claimed right to force [Haskett] to pay the unlawfully assessed [f]ire [p]rotection [f]ee."[26]

"Pleadings are sufficient under the [Texas] Rules of Civil Procedure if they give fair and adequate notice to the adversary." *Kissman v. Bendix Home Sys., Inc.*, 587 S.W.2d 675, 677 (Tex. 1979); *see also* TEX. R. CIV. P. 47 (pleading should contain "a short statement of the cause of action sufficient to give fair notice of the claim involved"). When, as here, special exceptions were not filed, we construe a petition liberally in favor of the pleader. *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982). We will uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged. *See id.* In determining whether a pleading is adequate, we examine whether an opposing attorney of reasonable competence, on review of the pleading, could ascertain the nature and the basic issues of the controversy. *Bowen v. Robinson*, 227 S.W.3d 86, 91 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

After reading of Haskett's second amended petition in its entirety and construing the petition liberally in his favor, we conclude that the petition did not give SLVFD, SLMUD, and the SLMUD employees fair notice of a claim for

---

[26] It is unclear from Haskett's brief if he believes this to be an error by the trial court separate and apart from the trial court's alleged error in denying the pleas to the jurisdiction and summary-judgment motion of SLVFD and SLMUD. It is also unclear the remedy Haskett believes he would be entitled to if this Court were to sustain his fourth issue.

declaratory relief that they had "failed to comply with Texas statute[s] and that such failure negate[d] any claimed right to force [Haskett] to pay the unlawfully assessed [f]ire [p]rotection [f]ee." *See The Huff Energy Fund, L.P. v. Longview Energy Co.*, 482 S.W.3d 184, 198 (Tex. App.—San Antonio 2015) ("If we cannot reasonably infer that the petition contains a claim, then we must conclude that the petition does not contain th[e] claim, even under [a] liberal construction."), *aff'd*, 533 S.W.3d 866 (Tex. 2017); *see also Montelongo v. Abrea*, 622 S.W.3d 290, 300 (Tex. 2021) ("Our rules require pleadings to provide not just fair notice of factual allegations, but a short statement of the cause of action sufficient to give fair notice of the claim involved. A pleading must give fair notice not just of alleged facts, but of the claim and the relief sought such that the opposing party can prepare a defense and ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. Providing only fair notice of factual allegations does not provide fair notice of claims or causes of action asserted based on those alleged facts." (citations, emphasis, and internal quotations omitted)); *Cooley v. Deansteel Mfg. Co.*, No. 13-21-00294-CV, 2022 WL 3651493, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 25, 2022, pet. denied) (mem. op.) ("[A] liberal construction does not require a court to read into a petition what is plainly not there." (internal quotations omitted)). Accordingly, we hold that the trial court did not err in not construing Haskett's second amended petition to include a request for a declaratory judgment

24

that SLVFD, SLMUD, and the SLMUD employees had "failed to comply with Texas statute[s] and that such failure negate[d] any claimed right to force [Haskett] to pay the unlawfully assessed [f]ire [p]rotection [f]ee."

We overrule Haskett's fourth issue.

## Conclusion

We affirm the orders of the trial court.

Kristin Guiney
Justice

Panel consists of Justices Rivas-Molly, Guiney, and Morgan.

25